THOMAS H. BURGESS

*v.*

B. F. POPE *et al.*

1. BILL OF REVIEW—*evidence can not be heard.* On a bill of review simply for errors appearing on the face of a former decree, it is error for the court to hear evidence to show wherein the former decree was erroneous in its findings of the facts.

2. On a bill of review it is not allowable to hear the whole case as though it had never been passed upon, and render an original decree.

APPEAL from the Circuit Court of Perry county; the Hon. AMOS WATTS, Judge, presiding.

This was a bill in chancery, filed by Thomas H. Burgess against B. F. Pope, J. F. Stacy, B. W. Jones, Lauretta J. Jones and E. B. Rushing, to review and set aside a former decree rendered in favor of the appellees B. F. Pope and J. F. Stacy, giving them each a mechanic's lien on the premises of Lauretta J. Jones. The material facts appear in the opinion.

Messrs. HAMMACK & DAVIS, for the appellant.

Messrs. WHEATLEY & POPE, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On the 12th day of February, 1877, complainant exhibited this bill in the circuit court of Perry county. It seems to be a bill of review and for relief as to a former decree of the same court in this cause. The facts necessary to an understanding of the present case may be shortly stated.

In 1875, B. F. Pope and J. F. Stacy each exhibited his petition in the circuit court for a mechanic's lien on the premises involved in this litigation, on which complainant had a mortgage which was prior to the making of the contract with the owner of the land out of which it is claimed the liens arose.

Lauretta Jones was the owner of the premises, and she, and her husband, B. W. Jones, were made defendants to the petition with complainant. By order of the court the cases for mechanic's lien were consolidated and thereafter proceeded to a hearing as one case. On the final hearing the court found that Pope and Stacy were each entitled to a lien for the sum found to be due to each, to be enforced against the premises, and also ascertained the amount due complainant on his prior mortgage, and also found the value of the land at the time of making the agreements with petitioners for constructing the improvements thereon to be $2500, and decreed that unless the sums due petitioners were paid by a day fixed the land should be sold, subject to complainant's mortgage, and out of the proceeds of such sale that the costs of the proceedings and the sums respectively due petitioners be paid, and the overplus, if any, be brought into court.

Afterwards, and before the original decree was executed, petitioners in the mechanic's lien suits gave defendants in those cases notice that they would apply to the court at the October term, 1876, for " a correction, alteration and change of the decree in said cause," and accordingly at that term of court did present a petition for a modification of the original decree, in which they asked the court to " alter, change and correct the decree * * * in the cause, so that they may have some relief." As a ground of relief it was represented to the court that the premises, if sold at public or private sale, would not satisfy the mortgage of complainant, on account of the depreciation of the property, and as the premises were worth more, on account of the buildings erected thereon by petitioners, it was alleged the decree as it then stood was " unjust and cruel." It was further represented the premises were then advertised to be sold by complainant to satisfy his mortgage, and the petition concludes with a prayer that the court would make such order as would protect petitioners in their rights, and for other relief.

Although notified, complainant did not appear to defend

against the petition presented for a change or alteration of the original decree in the cause.

On the hearing of the petition the court referred the cause to the master in chancery to take proofs, and on the coming in of the master's report the court, upon consideration thereof, found the value of the land at the time of making the building contracts between petitioners and the owner to be $1000, and that the premises had been increased in value $500 by the erection of the buildings thereon, and that on account of the depreciation in value the premises could not be sold for enough to satisfy the mortgage indebtedness, and because by the original decree the premises were to be sold subject to complainant's mortgage, it would entirely defeat petitioners in securing any portion of their claims; and thereupon the court decreed that the former decree in the cause " be changed, altered and amended " in this, that the lands be sold by the master in chancery, upon giving the prescribed notice, and out of the proceeds, after paying costs, he shall pay complainant $1000, being the value of the land at the time of making the contracts with petitioners for erecting the buildings thereon, and further to pay petitioners the amounts heretofore found to be due to them, and the overplus arising from such sale to be brought into court. It was further decreed, that in case the sale of the land shall fail to satisfy the respective claims herein decreed to be paid, the master in chancery shall divide the proceeds between petitioners and complainant *pro rata,* paying to petitioners one-third and to complainant two-thirds, until petitioners' claims be satisfied in full, and the remainder, if anything, to be paid to complainant to the extent of his mortgage claim.

The master in chancery was about to execute this latter decree when complainant filed this bill, by which he seeks to have that decree set aside, on the ground it was obtained by fraud by one of the parties, and assigns errors appearing on the face of the decree, as follows:

1st. It was error to order a reference of the cause to the

master in chancery to take proofs as to the value of the land at the time of making the building contracts between petitioners and the owner, and the value of the labor and materials by them furnished, as the court by a former decree had found the same facts.

2d. That there was no statement in the petition presented for altering, changing and amending such decree or prayer in such petition on which to base such proceedings and make the last mentioned decree.

3d. That the lien of complainant being prior, and the land at the time of making the building contracts having been found by the court to be worth more than complainant's claim, hence petitioners' liens should be subject to that of complainant to the extent of the value of the land.

On account of the fraud alleged in the procuring of the decree, and the errors assigned, complainant insists he ought not to be bound by the last mentioned or second decree in the cause. Both petitioners in the mechanic's lien cases have filed answers herein, in which they deny the decree was obtained by fraud or circumvention, and deny that there are errors in the findings of the court, and to which replications were filed.

On the final hearing of this cause, after reciting the principal facts herein stated, the court found that the land at the time of making the building contracts was of the value of $1600, and thereupon the court decreed that complainant have a prior lien under his mortgage upon the value of the land at the time of making such contracts, and that petitioners have a lien on the land for the amounts as previously found due to them, to be paid within ten days, and in default thereof that the master in chancery sell the premises, after giving notice, and out of the proceeds, after paying costs and taxes, pay complainant and petitioners in the original cases their respective claims as found. But in case the proceeds of such sales are not sufficient to pay the claims in full, each party is to be paid a *pro rata* share. It is this latter decree that complainant brings before us on his appeal to this court.

Whatever may be the exact definition of the present bill, it is plain it is a bill to impeach a former decree of the court in this same cause, on account of fraud in obtaining it, and because of errors appearing on the face of the decree. Treating it as an original bill to impeach a former decree of the court, on account of fraud in obtaining it, it might be said it is not sustained by any evidence. The agreement complainant alleges he made with one of defendants, to avoid further litigation, and to obviate any necessity for a modification of the original decree, can not be said to be proven. Although such agreement is asserted by complainant, it is denied with equal positiveness by the defendant alleged to have made it.

But if this is simply a bill for review for errors appearing on the face of the former decree, it was error in the court to hear evidence to show the former decree was erroneous in its findings of the facts. The court should have either dismissed the bill for want of equity, or granted the relief sought and set the former decree aside for one or both causes alleged. It was not authorized to do more under the present bill. Any other practice would permit parties, when dissatisfied with the findings of facts by the court, to present evidence and have the facts passed upon again. If the facts were incorrectly found by the court on the original hearing on the evidence submitted, the remedy would be on appeal,—otherwise there would be no such thing as a definitive sentence in a chancery cause.

That which the court did was equivalent to a hearing of the whole case as though it had never been passed upon, and rendering an original decree. That is not allowable on a bill for review.

For the error of the court in this regard its decree will be reversed and the cause remanded.

*Decree reversed.*