MICHAEL J. HOWARD, Appellee, *vs.* GUY L. BOYLE *et al.* Appellants.

*Opinion filed December 21, 1910—Rehearing denied Feb. 10, 1911.*

1. PARTITION—*material averment neither admitted nor denied must be proved.* An averment in a bill for partition and accounting that a certain deed was, in fact, but a mortgage to secure payment of a loan is a material allegation, which must be proved even though not denied by the answer; and in the absence of any proof of the circumstances under which the deed was made, or the consideration therefor, it is error to decree that the deed was, in fact, a mortgage.

2. EQUITY—*decree should not find as to matters not supported by any proof.* It is error for a partition decree to find that a certain amount of interest and a certain amount of the principal debt secured by a trust deed of the premises had been paid by the complainant and defendant out of the rents and profits of the building, where there is no proof whatever of such facts; and the error is not harmless because the cause was referred to the master to take an accounting, if the decree by its terms precludes the master from taking account of such matters.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

BOWERSOCK & STILLWELL, and CASWELL & HEALY, for appellants.

FLYNN & LYON, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This was a bill for partition, filed by appellee in the superior court of Cook county. The bill alleged that appellee and the appellant Guy L. Boyle were the owners, as tenants in common, of real estate, and improvements thereon, at the north-west corner of Harrison street and Albany avenue, in the city of Chicago; that the legal title to said real estate, until about December 10, 1908, was held by said Boyle for the use of himself and appellee; that shortly prior to that date, in order to assist Boyle in negotiating a loan on the premises, appellee executed a written statement that Boyle was the sole owner of the premises in question, upon the promise of Boyle that he would return the same to appellee after the loan had been negotiated or would execute some appropriate instrument re-vesting in appellee an undivided one-half of the premises, and that thereafter Boyle borrowed $500 from the appellant Viola K. Farrell, to secure the payment of which he executed and delivered to her a warranty deed to the premises. The bill further alleged that while the deed to Mrs. Farrell purported to convey title in fee simple, it is, in fact, a deed to secure to her the payment of the said sum of $500 so borrowed from her by Boyle, and that Mrs. Farrell gave no other consideration for the conveyance, and that Boyle, when requested, failed and refused to convey the undivided one-half of said premises to appellee. The bill prays for partition and for an accounting. Boyle and Mrs. Farrell answered jointly. By their answer they admit that Boyle

conveyed to Mrs. Farrell the premises in question by war-
ranty deed, but deny that the $500 loaned by Mrs. Farrell,
as alleged in the bill, was the sole consideration for such
conveyance. Upon a hearing before the chancellor a de-
cree was entered finding the equities with the complainant;
that appellee and Boyle are the equitable owners each of
an undivided one-half interest in said premises after de-
ducting from the value thereof such moneys, if any, as
have been advanced by appellants, or either of them, on
behalf of Boyle; that the interest accruing, from time to
time, on bonds aggregating $22,500 and secured by trust
deed upon the property in question, and the sum of $5000
on the principal of that indebtedness, have been paid by
appellee and Boyle out of the rents and profits derived from
the building upon the premises, and that the warranty deed
from Boyle to Mrs. Farrell, while it purports to convey
title to said property in fee simple, is, in fact, a deed to
secure to the grantee thereof the re-payment of money ad-
vanced by her to Boyle for and on account of himself and
appellee. Partition was decreed and the cause referred to
the master in chancery to take proofs and report his con-
clusions on the matter of accounting between appellee and
appellants, and the rights of the parties to further relief
was reserved for further consideration until the coming in
and presentation of the report of the master. This appeal
is from that decree, and appellants make various assign-
ments of error, but one of which it will be necessary to
consider, namely, that the decree is contrary to the law
and the evidence.

Upon the hearing the testimony of but two witnesses
was heard,—that of appellee in behalf of himself, and that
of Boyle on behalf of the appellants. There was no proof
whatever as to what amount, if any, had been paid on the
interest and the principal of the indebtedness secured by
the trust deed on the property in question, or upon the
question of what consideration, if any, was paid by Mrs.

Farrell for the conveyance of the premises to her by Boyle, nor was there any proof showing that the conveyance to Mrs. Farrell was made to secure the re-payment of money to her. It was error for the court, in the absence of any proof, to make a finding that any sum had been paid upon the interest and principal indebtedness of the amount secured by the trust deed. Appellee contends that this is harmless, for the reason that the cause was referred to the master in chancery to take an accounting between the parties, which would necessarily involve a hearing upon the question of the payments made on this indebtedness and the funds from which the payments were made. This contention is not sound, for the reason that the decree referring the cause to the master by its own terms precludes him from taking any account of the payments made on the indebtedness secured by the trust deed or the funds from which the money was derived for the making of such payments.

It was also error for the court to decree that the warranty deed by Boyle to Mrs. Farrell was not a conveyance of the property in fee simple, but was, in fact, a deed to secure to Mrs. Farrell the payment of money advanced by her to Boyle, in the absence of proof of the circumstances under which the conveyance was made and the consideration thereof. Appellee suggests that the court was warranted in so finding for the reason that the failure of the appellants, in their answer, to deny the allegations of the bill that the deed was made to secure a loan of $500 constitutes an admission that the deed from Boyle to Mrs. Farrell was, in fact, a mortgage. This position is not tenable. The allegation in the bill that the deed to Mrs. Farrell was, in fact, but a mortgage to secure the payment of a loan was a material allegation, and the fact that it was not denied in the answer did not relieve appellee of the burden of supporting it by testimony. If a material averment in a bill in chancery is neither admitted nor denied it must be

supported by proof. *Wilson* v. *Augur*, 176 Ill. 561; *Davis Paint Co.* v. *Metzger Oil Co.* 188 id. 295; *Glos* v. *Cratty*, 196 id. 193; *Shuld* v. *Wilson*, 225 id. 336.

Other grounds for reversal are urged bearing upon the weight of the testimony, but as the decree must be reversed for the reasons assigned it will not be necessary to discuss them.

For the errors indicated the decree of the superior court is reversed and the cause remanded.

*Reversed and remanded.*