## Frances E. Fritz, Defendant in Error, v. William J. Lemp, Jr., et al., Plaintiffs in Error.

1. APPEAL AND ERROR—*jurisdiction of court to extend time for filing certificate of evidence at subsequent term.* A certificate of evidence filed before the expiration of an extension granted within the original time allowed for filing will not, on error, be expunged from the record on the suggestion that the court was without jurisdiction, at a subsequent term, to extend the time for filing.

2. INTOXICATING LIQUORS—*when ownership of premises not admitted by answer in proceeding under Dramshop Act, sec. 10.* In a proceeding under section 10 of the Dramshop Act, Cahill's Ill. St. ch. 43, ¶ 74(10), there is no admission of ownership of the premises in suit at any time during period of alleged sale of liquors to complainant's husband, where the bill to subject such premises to payment of a judgment against the sellers of such liquors for injury to complainant's means of support alleges that on January 20, 1919, plaintiffs were and ever since have been and now are the owners in fee and in control of the premises and that they leased the same to the sellers of the liquor from June 6, 1912 to June 6, 1917, and the answer denies ownership by defendants on January 20, 1919, or thereafter, and avers conveyance of the premises to others on August 20, 1919, and the evidence shows that the liquors were sold between 1912 and June 6, 1917, the date of the death of complainant, and that the judgment against the sellers was recovered on January 20, 1919, and in such case judgment against the alleged owners cannot be sustained in the absence of direct proof of their ownership.

3. INTOXICATING LIQUORS—*necessity for proof of scienter in proceeding against alleged owner of dramshop premises.* In the ab-

sence of direct proof that alleged owners of premises in which intoxicating liquors were sold by others to complainant's husband, by means of which complainant's means of support was injured, leased the premises in question to the persons who sold the liquors or that such alleged owners knowingly permitted liquors to be there sold, a judgment against such alleged owners subjecting the premises in question to the enforcement of a judgment in the wife's favor against the sellers cannot be sustained, although it appears that the premises were operated as a saloon by the sellers, that beer manufactured by the alleged owners was there sold, where it is not shown that defendants owned the premises or that rent therefor was paid to them or that they were partners doing business as the brewing company which sold the beer to the sellers.

4. INTOXICATING LIQUORS—*necessity for proof of allegations of bill not denied in answer in proceeding under Dramshop Act, sec. 10.* Proof that a judgment for damages for injury to a wife's means of support resulting from the sale of intoxicating liquors to her husband was recovered in consequence of the sale of such liquors on the premises in question must be made in a proceeding against the alleged owners of such premises under Dramshop Act, sec. 10, Cahill's Ill. St. ch. 43, ¶ 74(10), to subject them to the enforcement of the judgment, even though it is so alleged in the wife's bill and not denied in the answer, which admits that the wife has received money from others in settlement of her cause of action and notwithstanding the introduction of the judgment in evidence, where it is not shown that it might not have been recovered upon a different cause of action.

Error by defendants to the City Court of Du Quoin; the Hon. B. W. POPE, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed April 20, 1923.

C. E. POPE and H. F. DRIEMEYER, for plaintiffs in error; JESSE McDONALD and ARNOLD JUST, of counsel.

M. C. COOK, for defendant in error.

MR. JUSTICE BARRY delivered the opinion of the court.

The motion to expunge the certificate of evidence from the record is based upon the suggestion that the court, at a subsequent term, was without jurisdiction to extend the time for filing the same even though the

extension was granted within the original time allowed. The motion must be denied for the reasons stated in *Railway Passenger & Freight Conductors' Mut. Aid & Ben. Ass'n v. Leonard,* 166 Ill. 154, and *Spiehs v. Insull,* 278 Ill. 184.

This is a proceeding by defendant under section 10 of the Dramshop Act [Cahill's Ill. St. ch. 43; ¶ 74(10)] to subject certain premises alleged to have been owned by plaintiffs to the payment of a judgment recovered by her against John Calvetti and others for injury to her means of support occasioned by the sale of intoxicating liquor to her husband by the defendants in said judgment. The statute applies only to such owners as have a rentable interest in the property. *Bell v. Cassem,* 158 Ill. 45. The facts which the owner of the building is entitled to controvert are that he has knowingly permitted his building, in whole or in part, to be used for the sale of intoxicating liquor and that a judgment has been recovered against the occupant of the building for damages in consequence of the sale of intoxicating liquor on his premises (*Garrity v. Eiger,* 272 Ill. 127), or that the judgment was procured by fraud and collusion. *Wing v. Little,* 267 Ill. 20.

It is contended that there is no proof in the record that plaintiffs owned the property at the time the alleged sales of intoxicating liquor were made to defendant's husband by the said Calvetti and others. Defendant's reply to that contention is that the bill charges that plaintiffs were the owners of the premises from June 6, 1912, to June 6, 1917; that the answer denies they were the owners thereof on January 20, 1919, and states the fact to be that on August 20, 1919, they conveyed premises to other parties; that plaintiffs thereby admitted they were the owners of the property and had the power to convey the same and that they did not deny that they owned the property from June 6, 1912, to June 6, 1917.

It appears from the bill that defendant's husband died on June 6, 1917, and that defendant recovered the judgment against Calvetti and others on January 20, 1919. The bill avers that on January 20, 1919, plaintiffs were and ever since have been and now are the owners in fee and in control of the premises described and that, so being the owners and in control thereof, they leased the same to said Calvetti and others from June 6, 1912, to June 6, 1917, etc. By their answer plaintiffs denied that they were the owners in fee and in control of the premises and denied that they have been the owners thereof since January 20, 1919, and aver the fact to be that on August 20, 1919, they conveyed the property to others. We are at a loss to understand how it can be seriously contended that the answer admitted that plaintiffs were the owners of the premises at any time during the life of defendant's husband.

It is also contended that there is no proof that plaintiffs leased the premises to be used for the sale of intoxicating liquor or that they knowingly permitted the same to be so used. Counsel admit that there is no positive proof thereof. They argue, however, that where a person owns premises for a period of twelve or fifteen years and permits them to be used for such purpose no further proof is required. They say that if persons paying rent used the premises for the sale of Lemp products, being beer, and operated a saloon therein, the owner must be presumed to know that the premises were used for such purpose. There is no showing that plaintiffs were the owners of the property or that they were partners doing business as the Lemp Brewing Company, nor is it shown that the rent was paid to plaintiffs.

It is contended that there is no evidence tending to show that the judgment against Calvetti and others was recovered in consequence of the sale of intoxicating liquor on the premises in question. Counsel for

defendant reply that the bill charges that such was the fact of which there is no denial in the answer. That plaintiffs set up in their answer that prior to the filing of this suit defendant received some money from others in settlement of her cause of action and that plaintiffs thereby admitted that the judgment against Calvetti and others was recovered upon the grounds stated in the bill. Nothing but the judgment was offered in evidence and so far as the record shows it may have been recovered upon an entirely different cause of action.

In common-law cases every material fact averred in the pleadings and not denied is taken as true. In equity, however, the material averments of the bill must be proven or admitted in order to support a decree awarding affirmative relief. In such cases averments without proof or admission and proof without averments are wholly unavailing. If a material averment in a bill in chancery is neither admitted nor denied, it must be proved. *Howard v. Boyle,* 248 Ill. 251-254. The failure to expressly deny it in the answer neither admits it nor relieves the complainant from the duty of proving it. *Martin v. Collison,* 266 Ill. 172. A complainant in chancery cannot avail himself of any claim established by the proof which has not been alleged in the bill, nor can defendant avail himself of any matter of defense not stated in his answer, even though it appears in the evidence. *Millard v. Millard,* 221 Ill. 86.

As the decree is not supported by the evidence it must be reversed and the cause remanded.

*Reversed and remanded.*