HARRY GREENBAUM *et al.*

*v.*

HENRY GREENBAUM, Guardian, Etc.

GUARDIAN'S SALE—*whether allowed for purpose of paying off a mortgage on property to be sold.* A petition by a guardian for leave to sell the real estate of his wards, for the purpose of paying off a mortgage thereon, should not be entertained unless there is something shown in the petition more than the mere opinion of the guardian, by which the court can see that such a sale would be more advantageous to the interest of the wards than a sale upon the foreclosure of the mortgage.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. IRA O. WILKINSON, for the appellants.

Messrs. BENNETT, KRETZINGER & VEEDER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition of Henry Greenbaum, as guardian of Harry, Milton and Lina Greenbaum, to the circuit court of Cook county, for license to sell certain real estate of his wards, for the purpose of paying the incumbrance thereon. An order of sale was granted, and is appealed from by the wards.

The appeal appears to be an amicable one, for the purpose of having determined by this court the question whether the circuit court, under the constitution and statute, has jurisdiction to entertain such an application as this—appellants' counsel conceding that it has, but stating that it was thought prudent to have the decision of this court upon the question, that no doubt might ever arise as to the validity of the proceedings and the title acquired thereunder.

But we do not find it necessary to consider the question of the jurisdiction of the circuit court in this case, as, in our judgment there is not here shown any necessity for its exercise.

The petition states that the German Savings Bank of Chicago is the holder of three promissory notes, secured by two mortgages upon the real estate described in the petition, upon which there remains due and unpaid the sum of $10,385,37; that the father of the guardian's wards, in his lifetime, purchased the property subject to the mortgages, and in consideration of the sum of $25,000, and afterward died intestate, leaving these wards, his children and minor heirs; that they have no personal property or money out of which the mortgage indebtedness can be paid; that the German Savings Bank, the holder of the notes and mortgages, is urging the payment thereof, the same being long past due, and is threatening foreclosure of the mortgages.

If a public sale is to be had of the property, we do not see why, as regards the interest of the wards, it might not as well be a foreclosure sale, as a guardian's sale.

All the showing of the petition in this respect, is as follows: "That if said mortgages are foreclosed, and a sale of said lots made thereunder, your petitioner believes that the whole of said property would be sold to pay said debt, and that nothing could be saved out of said mortgaged property for the children. But if a sale thereof be made by your petitioners under the direction of this court for the purpose of paying off said balance due on said mortgage deeds, your petitioner believes that he will be able to save for said minor heirs a large portion of said mortgaged property, which they much need for their education and maintenance." The petitioner states his belief that a foreclosure sale would exhaust all the property, but that, upon a guardian's sale, a large part of it might be saved for the minor heirs, but he gives no reason whatever for the belief, and there is none apparent to us.

The order of sale made, directs the sale to be for cash. There would be no right of redemption from the sale. From a foreclosure sale, there would be a year for redemption.

The order of sale fixes no time for the sale, but leaves it with the guardian to appoint the time. But the guardian could not reasonably calculate on the advantage of delaying the sale until such future time as might be desirable for the interest of the minors, as the holder of the mortgages would not be under any obligation to wait, but might proceed at once to foreclose the mortgages. Any advantage from delay in making the sale, or selling on credit, could be had only by the consent of the holder of the mortgages, and if willing to give such consent, all benefit in that respect might be secured in fixing the terms of a foreclosure sale. We see no benefit to the wards in a guardian's sale, in the stead of a foreclosure sale.

*Smith et al.* v. *Sackett et al.* 5 Gilm. 534, is referred to by appellee's counsel as an authority for this application. That was not an analogous case. It was an application, it is true,

24—81st ILL.

on behalf of an infant, for an order to dispose of a part of the infant's estate, for the purpose of removing the incumbrance upon it, but the estate was an indeterminate, disputed, equitable interest in land, and the extent of the incumbrance uncertain; and, in the language of the court, "that such estate may bring its full value in the market, or may be made available for the objects proposed, without a sacrifice, it becomes necessary that the court should determine the nature and extent of the infant's interest in the premises."

No such reason or necessity exists in the present case.

We think the court below should have refused the application of the guardian, the case made showing no necessity for the exercise of the power invoked.

The decree will be reversed, and the cause remanded with directions to the court below to dismiss the petition.

*Decree reversed.*