JOHN C. ALLEN *et al.*

*v.*

HENRY M. SHEPARD.

1. APPEAL—*what questions presented by.* On appeal from an order of the circuit court approving an administrator's sale of land, no question can be raised as to the legality of the appointment of the administrator, or the propriety and legality of the decree ordering the sale, or the justice and legality of the debts allowed against the estate. This court can consider, on such appeal, only what was proper to be considered by the circuit court on the motion to approve the sale.

2. JUDICIAL SALE—*motion to approve.* On motion to approve an administrator's sale, and report thereof, the court can not go behind the order of sale, or even revise that order. The matters before the court, on such motion, must relate solely to what transpires in the attempt to execute the order and make the sale.

3. SAME—*requiring a deposit from bidder.* Where a sale of land is ordered to be made by an administrator, for cash, and a report thereof to be made, a demand of a deposit of one-fourth the price bid, as a guaranty, to consummate the sale on its approval, is but a reasonable precaution, and is no ground for setting the sale aside.

4. SAME—*inadequacy of price.* The fact that real estate sold at administrator's sale, for cash, brings less than its real value, is not, of itself, sufficient ground to set aside the sale, especially when no guaranty or assurance is given of a higher price if resold.

APPEAL from the Circuit Court of Cook county; the Hon. W. W. FARWELL, Judge, presiding.

Mr. JAMES FELCH, for the appellants.

Messrs. FULLER & SMITH, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an application, made to the circuit court of Cook county, June 17, 1870, by Henry M. Shepard, as administrator *de bonis non* of the estate of Charles W. Rucketson, deceased, for an order to sell real estate for the payment of debts. June 21, 1870, the court made the order of sale as prayed for, and directing the administrator to report his proceedings to the court. In October, 1871, the records were destroyed by fire.

Subsequently, the petitioner applied to the court for an order restoring the burnt record. To this application Lizzie R. Allen (the only heir and devisee of deceased) and her husband interposed objections to restoring the record, insisting, 1st, that the court had no jurisdiction to grant the order of sale; 2d, that the probate court has exclusive jurisdiction to grant the order of sale; 3d, sale by the administrator, under the order of sale, would be void; 4th, that, for want of jurisdic-

tion, a sale made under the order would not bring half the value of the land.

May 15, 1875, the court, on hearing, ordered the restoration of the burnt record.

August 19, 1875, the administrator made report of sale of the land, and moved for its approval. This was objected to by the Allens, but the court, on 28th of August, 1875, made an order approving of the sale, and from this order the Allens appeal to this court.

Counsel for appellants calls in question the propriety and legality of the order of the county court appointing Shepard as administrator; he also calls in question the propriety and legality of the order of the circuit court directing the sale to be made, and even calls in question the justice and legality of debts allowed against the estate. None of these questions can be raised upon an appeal from the order of the court confirming the sale. As well might a party, on a motion to quash an execution upon a judgment at law, ask the court to revise the proceedings on which the judgment in the case was founded, or to revise the judgment itself.

On this motion to confirm the sale, it was not the duty of the circuit court to go behind the order of sale, or to revise that order. The matters before that court, upon that application, related solely to the transactions which had taken place in the attempt to execute the order and make the sale. In reviewing the propriety of the decision of the circuit court in granting the order of approval or confirmation of sale, this court can consider only such matters as the circuit court ought to have considered in that regard.

It is objected, that the administrator was wrong in demanding of each bidder a deposit of one-fourth of the amount bid, as a guaranty that the bidder would consummate the purchase, if the court approved the sale. The terms of the sale ordered were for cash in hand. This is no sufficient ground for setting aside the sale. It was a reasonable precaution.

It is insisted that the inadequacy of price shows that, for

some reason, the sale, as made, involved an unnecessary sacrifice of the property. We think not. The proofs show, it is true, that the prices bid were less than half the prices at which real estate dealers fix the actual value. It is rare, indeed, that real estate in this country will bring its full value at a forced sale, for cash in hand.

No guaranty or reliable assurance was given to the court that, at another sale, the property would command any higher prices than those obtained at this sale.

The judgment of the court below must be affirmed.

*Judgment affirmed.*