MAUD L. DONALDSON

*v.*

WILLIAM H. COPELAND.

*Opinion filed February 18, 1903—Rehearing denied April 9, 1903.*

1. JUDGMENTS AND DECREES—*right of court to vacate judgment at subsequent term.* A court has jurisdiction to vacate a judgment at a subsequent term, where the motion to vacate was made at the term at which the judgment was entered and the cause was continued with such motion pending and undetermined.

2. SAME—*pending motion stands continued at adjournment of court.* A motion pending and undetermined at end of a term will stand continued to the subsequent term, under the statute, without a formal order of continuance.

3. SAME—*jurisdiction to vacate judgment may be aided by presumption.* In aid of the jurisdiction of the court to vacate a judgment at a subsequent term it will be presumed the court acted upon the motion and affidavits found in the files of the case and presented at the term at which the judgment was entered, there being nothing in the record inconsistent with such presumption.

4. APPEALS AND ERRORS—*when plaintiff in error cannot complain of dismissal of writ.* A judgment of the Appellate Court dismissing a writ of error instead of affirming the judgment, as should have been done, is not an error of which the plaintiff in error can complain, being more favorable to him than an affirmance.

*Donaldson* v. *Copeland,* 101 Ill. App. 252, affirmed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge; presiding.

MCCLELLAN & SPENCER, for plaintiff in error.

J. W. MERRIAM, and JOHN EVERETT HOLLAND, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The plaintiff in error brought an action on the case against the defendant in error and four others to recover damages in the sum of $25,000, sustained, as the declaration alleged, by unskillful and negligent medical treatment. The declaration was filed ten days prior to the first day of the April term, 1899, of the superior court of Cook county. At said April term the action was dismissed as to all the defendants except the defendant in error and D. G. Allender, the latter of whom had not been served with summons. Default was entered against the defendant in error for want of a plea, and damages were assessed against him by a jury empaneled for that purpose, in the sum of $10,000, and judgment was entered against him in that sum. At the May term this judgment was ordered to be vacated and the defendant in error was permitted to plead to the declaration. A number of pleas were filed under this order and the cause was continued from term to term, until, at the December term, 1899, the plaintiff in error entered her motion to vacate the order entered at the May term, 1899, setting aside the default entered at the April term, 1899, and vacating the

judgment also entered at said April term. The ground of this motion was, that the court, at the April term, 1899, entered final judgment in the cause, and was without jurisdiction to enter further orders therein at a subsequent May term, vacating such judgment. The court overruled the motion and the cause was again continued, the pleadings not having been closed. The cause was continued regularly until the May term, 1900, at which time the plaintiff in error again moved the court to vacate the order entered at the May term, 1899, setting aside the default and vacating the judgment entered against the defendant in error at said April term under said default. The court overruled the motion, and the plaintiff in error refusing to plead further and form issues by the pleading, the court dismissed her action for want of prosecution and entered judgment against her for costs. A writ of error sued out by the plaintiff in error was dismissed by the Appellate Court for the First District. This is a writ of error sued out of this court to bring the judgment of the Appellate Court in review.

A court, at a subsequent term to that at which a final judgment has been entered, has no power to alter or amend such judgment, except in respect of mere matters of form, on a motion entered at such subsequent term. But if the motion to set aside or vacate the judgment be entered during the same term at which the judgment was rendered, and the cause be continued with such motion pending and undetermined, the court retains jurisdiction of the cause, and would have full power to act upon and decide the motion at the next term and vacate the judgment at such subsequent term. *Hibbard* v. *Mueller*, 86 Ill. 256; *People* v. *Springer*, 106 id. 542.

A supplemental transcript of the record was filed in the Appellate Court. It appears from this transcript that on the 17th day of April, 1899, being as yet one of the judicial days of the April term, 1899, of said superior court, the defendant in error filed in said court in this

cause a written motion to set aside the default and judgment theretofore entered at that term against him in the cause, and it appeared further from said supplemental record that the affidavits of George M. Bagby, John E. Holland and the defendant in error, in support of the motion to set aside the default and vacate the judgment, were filed at and during said April term, 1899. On the first day of the May term, 1899, the motion to set aside the default and vacate the judgment entered at the April term was allowed. The record of the proceedings of the court, as entered by the clerk at the April term, does not affirmatively show that the motion which was filed at that term to set aside the default and vacate the judgment was brought to the attention of the court at that term, nor is there anything appearing on the face of the record to show that the motion was not continued by the court. The court, on the opening day of the May term of the court, granted a motion to so set aside the default and vacate the judgment. It does not appear from the record of the court at the May term, or from the files of the court at that term, that any such motion was entered on that day.

The conclusion to be drawn from the files and the transcript of the orders entered in the case is, that the motion which was granted on the first day of the May term was the motion which appears in the files as having been filed at the April term; that the motion was pending when the April term closed, and at the May term was granted on consideration of the affidavits filed at said April term in support thereof. A formal order continuing the case at the April term is not shown in the transcript, but if the motion shown to have been filed at that term was pending under consideration and undetermined at the end of the term, the cause would stand continued without formal order, under the operation of paragraph 61 of chapter 37 of our statutes. 1 Starr & Cur. Stat. 1896, p. 1160; *People* v. *Gary*, 105 Ill. 264.

In *Clark* v. *Thompson*, 47 Ill. 25, a decree had been entered which contained no recital showing that jurisdiction had been obtained of the person of the minor defendants. The files of the case contained a summons which had been issued in the case, and on this summons was endorsed the written acknowledgment of service by the guardian of the minor defendants. We there said, that in the absence of any finding of service in the decree it must be presumed the court acted upon the summons and acknowledgment of service thereof found in the record, and that as this summons and the acknowledgment of service thereof by the guardian was insufficient to show jurisdiction, the decree must be regarded as having been entered without jurisdiction of the defendant. So in the case at bar, we may presume, in aid of the jurisdiction of the court to enter the order at the May term vacating the judgment, that in doing so it acted on the motion and affidavits found in the files of the case, no other motion being on file or referred to in the order of the court granting such motion. The presumption is not inconsistent with anything appearing in the record, but, on the contrary, is in harmony with all that has been done by the court, and no other presumption could be indulged without ignoring facts disclosed by the files in the case.

It is assigned as for error that the Appellate Court adjudged that the writ of error sued out by the plaintiff in error should be dismissed. As we have seen, the Appellate Court should have affirmed the judgment of the superior court. A judgment dismissing the writ of error is, however, more favorable to the plaintiff in error than a judgment of affirmance, and the rendition thereof can not be deemed prejudicial error of which the plaintiff in error can complain.

The judgment of the Appellate Court and that of the superior court are each affirmed.

*Judgment affirmed.*