IRA M. COBE, Defendant in Error, *vs.* E. H. GUYER *et al.* Plaintiffs in Error.

*Opinion filed December 15, 1908—Rehearing denied Feb. 3, 1909.*

1. COURTS—*the circuit and superior courts of Cook county have the same jurisdiction.* The circuit and superior courts of Cook county are identical except in name, and if a special statutory jurisdiction is conferred on either court, the other will, by the same act, acquire a like jurisdiction.

2. SAME—*superior court may appoint receiver under section 25 of Homestead and Loan Association act.* The superior court of Cook county has power to appoint a receiver under section 25 of the Homestead and Loan Association act, notwithstanding such act provides that the petition shall be filed in the circuit court of the county where the principal office of the association is located.

3. SAME—*when presumptions obtain though a court exercises special statutory power.* Where a court of general jurisdiction exercises special statutory powers not according to the course of the common law, nothing will be presumed to be within its jurisdiction which does not distinctly appear to be so; but if the special powers conferred are brought into exercise according to the course of the common law, the same presumptions will usually obtain as in cases falling within the general powers of the court.

4. SAME—*what need not appear of record to show jurisdiction to appoint a receiver for loan association.* The power of circuit courts and the superior court of Cook county to appoint a receiver for a homestead and loan association is derived from section 25 of the Homestead and Loan Association act; but such power is not summary nor in derogation of the common law, and the jurisdiction does not depend upon the record showing compliance with the requirement of such section that the petition be sworn to and be accompanied by a cost bond.

5. LOAN ASSOCIATIONS—*the borrower must establish defense of usury with reasonable clearness.* In a proceeding for foreclosure of a mortgage to a homestead and loan association, if the borrower relies upon the defense of usury the burden is upon him to establish such defense with reasonable clearness.

6. SAME—*when the interest payments will be reduced pro rata though not expressly stated.* A clause in a bond for the re-payment of a loan, providing that "twelve or more stock payments shall be applied upon said loan after deducting all sums and charges advanced," is obscure in its meaning, but if it means that payments for dues are to be applied upon the principal of the loan as often as twelve payments are made, then the interest payments would be reduced *pro rata* though not expressly stated.

7. USURY—*what is not usury.* The deduction of interest in advance and the deduction of attorney's fees for an examination of the abstract of title do not constitute usury.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. EMERY C. GRAVES, Judge, presiding.

J. T. KENWORTHY, and S. R. KENWORTHY, for plaintiffs in error.

S. W. SWABEY, (W. R. MOORE, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error is prosecuted to reverse a judgment of the Appellate Court affirming a decree of foreclosure of a mortgage.

The plaintiffs in error executed a mortgage, dated September 1, 1899, for $10,000, to the Masonic Mutual Savings and Loan Association, a corporation organized under the Homestead Loan Association act. Afterward a receiver was appointed for the association by the superior court of Cook county, to whom all its assets were conveyed, and the receiver, under the order and upon the approval of the court, sold and assigned to defendant in error all the assets of the association, including this mortgage.

Two defenses were relied upon in the circuit court, and the refusal to recognize them constitutes the error complained of here. It was claimed by the plaintiffs in error that the defendant in error had acquired no title to the mortgage, or to the indebtedness secured by it, by virtue of the conveyance to the receiver and by the receiver to him, because the superior court had no jurisdiction and its decree was therefore void. The other defense was usury.

The receiver was appointed under the authority given by section 25 of the Homestead and Loan Association act, (Hurd's Stat. 1905, p. 526,) which reads as follows: "Receivers may also be appointed, whenever nine or more shareholders of any association shall file a petition in the circuit court of the county in which the principal office of such association is located, setting forth the facts relied upon for the appointment of a receiver. Such petition shall be subscribed and sworn to by such petitioners, and shall be accompanied by a good and sufficient bond, conditioned for the payment of all fees, expenses and attorney's fees incident to such proceeding or proceedings, in the event the allegations set forth in the petition shall not be sustained, the amount of such bond, and the sureties thereof, shall be approved by the court, and the cause shall thereupon proceed as other causes in equity."

It is argued that this section confers jurisdiction on the circuit court alone, and not upon the superior court. In

*Jones* v. *Albee,* 70 Ill. 34, it was held that by virtue of the provisions of sections 23 and 24 of article 6 of the constitution the superior court and the circuit court were placed upon precisely the same footing, and that the organization of the two courts, and the powers of the judges thereof, were identically the same. "Indeed, under the constitution there is no distinction, except in name, between the superior court of Cook county and the circuit court of Cook county. Both courts have the same jurisdiction and exercise the same powers." (*Berkowitz* v. *Lester,* 121 Ill. 99.) So in *Samuel* v. *Agnew,* 80 Ill. 553, it was said the superior court and the circuit court were practically branches of the same court. The superior court is in legal effect a circuit court, and where a special statutory jurisdiction is conferred on either court, the other will by the same act acquire a like jurisdiction. (*Chicago and Northwestern Railway Co.* v. *Chicago and Evanston Railroad Co.* 112 Ill. 589.) The fact that the language of the section requires the petition to be filed in the circuit court of the particular county in which the principal office of the association is located does not affect the question. The section is a general grant of jurisdiction to the circuit court, limiting the venue to the county of the location of the association involved.

But it is further argued that if the superior court has jurisdiction of the subject matter under section 25 it can not be held to have had jurisdiction of the particular case in which the receiver was appointed, because the facts necessary to the exercise of such jurisdiction do not affirmatively appear on the record. The position of the plaintiffs in error is, that in appointing a receiver under section 25 the court, though one of general jurisdiction, exercises a special statutory jurisdiction, and that every fact necessary to its exercise must fully appear. The section requires a petition of nine or more shareholders, subscribed and sworn to by them, to be filed, accompanied by a bond for the payment of costs and attorneys' fees if the allegations of the

petition are not sustained, and since the record of the proceeding in the superior court for the appointment of the receiver does not show that the petition was sworn to by all of the nine petitioners or that it was accompanied by a bond, it is insisted that the record fails to show any jurisdiction in the superior court and its record is therefore void.

It is true that in the exercise of special powers conferred by statute and not exercised according to the course of the common law a court of general jurisdiction does not differ from a court of limited and special jurisdiction, and that nothing will be presumed to be within the jurisdiction which does not distinctly appear to be so. The jurisdiction in such cases, both as to the subject matter and as to the persons to be affected by it, must appear by the record. The rule is laid down in many decisions. (*Watts* v. *Dull,* 184 Ill. 86; *Payson* v. *People,* 175 id. 267; *Chicago and Northwestern Railway Co.* v. *Galt,* 133 id. 657; *Munroe* v. *People,* 102 id. 406; *Johnson* v. *VonKettler,* 84 id. 315; *Morse* v. *Preston,* 5 Fost. (N. H.) 299; *Galpin* v. *Page,* 18 Wall. 350.) But as was said by the court in the case last cited: "The qualification here made, that the special powers conferred are not exercised according to the course of the common law, is important. When the special powers conferred are brought into action according to the course of that law,—that is, in the usual form of common law and chancery proceedings,—by regular process and personal service where a personal judgment or decree is asked, or by seizure or attachment of the property where a judgment *in rem* is sought, the same presumption of jurisdiction will usually attend the judgments of the court as in cases falling within its general powers." To the same effect is the case of *Harvey* v. *Tyler,* 2 Wall. 328.

Courts of chancery have no jurisdiction, in the absence of statutory authority, to decree a dissolution of a corporation by declaring a forfeiture of its franchise. (*Wheeler* v. *Pullman Iron and Steel Co.* 143 Ill. 197; *People* v. *Weig-*

*ley,* 155 id. 491.)    But such jurisdiction may be conferred upon courts of chancery by statute.    (*Chicago Indemnity Ass.* v. *Hunt,* 127 Ill. 257; *Hunt* v. *LeGrand Roller Skating Rink Co.* 143 id. 118.)    The power of the superior court to exercise jurisdiction in the suit for the dissolution of the corporation is derived from section 25 of the Homestead and Loan Association act.    But such power is not in derogation of the common law and is not summary, but is exercised in the usual form of chancery proceedings.    Courts of equity have always had jurisdiction to enforce the proper administration of trusts, to prevent and correct fraud and mismanagement of trustees and of the agents of corporations in control of their affairs, and to appoint receivers, and the effect of the statute is merely to extend this jurisdiction to meet new necessities and furnish a new remedy in cases where the remedy already existing was inadequate. Stockholders had the right, without any statute, to call upon a court of equity to protect them against the fraudulent mismanagement of the affairs of the corporation. (*Wheeler* v. *Pullman Iron and Steel Co. supra.*)    The statute merely extended this right to include other cases of an equitable nature.    The requirement that the bill shall be sworn to and a cost bond filed is a rule of procedure, and the jurisdiction of the court does not depend upon the record showing that such rule was complied with.    In *Ward* v. *Farwell,* 97 Ill. 593, a receiver for an insurance company had been appointed by the circuit court upon a petition by the Auditor of Public Accounts, under a statute authorizing such action.    In a suit brought by the receiver against the stockholders to enforce payment for their stock, it was held that while the act contemplated a final decree dissolving the corporation or restraining it from transacting further business before a receiver should be appointed, yet the appointment of the receiver before final decree was not void, but was an irregularity which the defendants could not take advantage of.

The bond given by plaintiffs in error for the re-payment of the $10,000 borrowed, required the monthly payment of $50 dues on stock and $58.34 interest, being at the rate of seven percentum per annum; but the plaintiffs in error insist that the following clause appearing in the bond made it usurious: "And it is further provided that twelve or more stock payments shall be applied upon said loan after deducting all sums and charges advanced." It is urged that this clause required the application of the payments for dues on the principal of the loan as often as twelve payments were made, without any reduction in the interest payment. The meaning of the clause is obscure. If the payments were to be applied as the plaintiffs in error claim, the effect would be to reduce the interest payment *pro rata* though not expressly stated, and the plaintiffs would be entitled to credit for the withdrawal value of their shares. The burden of proof was on the plaintiffs in error to establish usury, and they must make it appear with reasonable clearness. The deduction of attorneys' fees for the examination of the abstract was not usurious. (*Ammondson* v. *Ryan,* 111 Ill. 506.) Neither was the deduction of interest in advance. (*Brown* v. *Scottish-American Mortgage Co.* 110 Ill. 235.) The dues for six months, $300, were retained by the association. Plaintiffs in error did not protest against it. It was probably done with their consent. There is no evidence that it was done as a shift or device to take more interest than allowed by law. The evidence does not show the loan to have been usurious.

The decree was right and the judgment of the Appellate Court will be affirmed.          *Judgment affirmed.*