(No. 19914.—

MARGARET A. RETZINGER, Exrx., Appellee, *vs.* JOSEPH RETZINGER *et al.* Appellants.

*Opinion filed December 20, 1929.*

HAIGHT, ADCOCK & BANNING, and SOMMERS & SOM-
MERS, for appellants.

STEBBINS, L'AMOREAUX & HURTUBISE, (J. E. HURTU-
BISE, and JAMES C. BYRNE, of counsel,) for appellee.

Mr. JUSTICE SAMUELL delivered the opinion of the
court:

This case is brought to this court on an appeal by
Joseph Retzinger and others, appellants, from an order
of the probate court of Cook county approving a report of
sale of real estate to pay debts.

Elias Retzinger died testate February 28, 1920. Ap-
pellee, Margaret Retzinger, his widow, was appointed and
is now acting as executrix. Briefly, the will provides that
she shall pay all debts and funeral expenses and shall have
all personal property and two and one-half acres of land,
with the improvements thereon. In the fourth clause the
testator devises to his heirs, all of whom are defendants

to the petition to sell real estate, "except my said wife, who shall take no share or interest therein," a certain twelve acres of land, "but free and clear of all rights of homestead and dower of my said wife." In the sixth clause he gives to the executrix all the "rest and residue" of his real and personal property. He left real estate to the executrix under the residuary clause not specifically devised. During the course of administration, claims to the amount of $2143, including the widow's award of $2000, were approved and allowed by the court. The personal property was insufficient to liquidate the indebtedness, and in 1922 the executrix filed a petition to sell real estate to pay debts. The cause came on for hearing on October 24, 1924, and a decree for sale was entered on that date. Appellants objected to the decree, which, in effect, authorized and directed the executrix to sell the real estate devised to them and also contained certain provisions regarding contribution by the widow. From this decree certain of the defendants appealed to the Appellate Court, which court reversed the decree of the probate court. The cause then came on petition for *certiorari* to this court and is reported in *Retzinger* v. *Retzinger,* 331 Ill. 102. In that proceeding the appeal bond was held defective and the judgment of the Appellate Court was reversed, with directions to dismiss the appeal. On November 29, 1924, and after the appeal bond had been filed and approved, the executrix, disregarding the pendency of the appeal, sold the real estate described in the decree at public sale to Alice Haimowitz and filed her report on December 1, 1924. The purchaser, as well as appellee and appellants, was represented at the hearing for approval of the sale. The report of sale was not approved until July 19, 1929. Appellants have appealed from the order approving the sale.

Appellee has made a motion to dismiss the appeal in this case on the ground, as alleged, that no freehold is involved and therefore this court is without jurisdiction on

appeal direct from the probate court. In our judgment a freehold is involved. If the report of the sale of real estate to pay debts is approved appellants' title is divested. On the other hand, if the report of sale is disapproved the result will be to restore to appellants their title to the premises. (*Bondurant* v. *Bondurant*, 251 Ill. 324.) We think, therefore, that a freehold is involved, and the motion of appellee to dismiss the appeal should be denied.

Appellants contend it was error to permit a sale of land devised specifically to the children of the testator instead of selling the land devised to the widow under the residuary clause of the will. It is to be remembered that the decree directing the executrix to sell the real estate to pay debts was made and entered on October 24, 1924. The appeal from that decree was dismissed by this court in June, 1928, and inasmuch as no writ of error has been sued out it is now a valid and subsisting decree of the probate court and this court will not assume jurisdiction for the purpose of disturbing it. The time for attacking errors in that decree has long since passed, and we are only concerned with the errors which occurred after the date of the decree and in the order approving the sale of the real estate.

Appellants urge that the sale held by the executrix after their appeal had been prayed and allowed and their appeal bond filed was void. It has been the uniform holding of this court that where an appeal is allowed and is perfected by filing an appeal bond, all proceedings in the court from which the appeal is allowed are thereafter stayed. (*People* v. *Wadlow*, 166 Ill. 119; *City of Chicago* v. *Lord*, 281 id. 414; *Smith* v. *Chytraus*, 152 id. 664.) But appellee argues that because the appeal bond was defective and the appeal was ordered by this court to be dismissed for that reason the appeal was never perfected and therefore the sale was valid. We consider this argument to be fallacious for the reason that it assumes a power in the executrix which she

did not have. She had no right to assume the defectiveness of the appeal bond. She was not invested with any judicial powers, and it was her duty to abide by the judgment of the court allowing the appeal. Until it had been judicially determined that the bond was defective, and until the mandate of the appellate tribunal to that effect had been filed, she had no right to proceed under the decree. In *Smith* v. *Chytraus, supra,* this court said: "It will not do to say or to hold that after an appeal is granted and perfected by the giving of a bond, parties or their attorneys, or the ministerial or executive officers of the court, can, at their will and of their own motion, ignore and nullify such appeal. Such doctrine, if held, would inevitably lead to confusion, wrong and oppression in judicial proceedings and be subversive of justice. Our conclusion, then, is that the appeal herein to the Appellate Court, even though granted to a tribunal that had no jurisdiction to entertain it, operated, for the time being, as an appeal and became a *supersedeas,* and temporarily stayed all proceedings whatever to enforce the execution of the decree." It was inconsistent and not in accord with the law for the trial court to allow an appeal and approve an appeal bond and then approve a sale made by the executrix in disregard of the appeal.

It is also urged by appellee that since the original decree for sale is in full force appellants can gain no substantial benefit from a disapproval of the sale. This may or may not be true. With the disapproval of the sale appellants will have the right to discharge the lien created by the decree by paying to the executrix the amount of the indebtedness against the estate and thus retain their title. (*Richie* v. *Cox,* 188 Ill. 276.) Whether this will be of any substantial benefit to appellants is immaterial. It is a right which they have under the law and that right should be protected.

Our conclusion is that the sale of the executrix was without authority and it should not have been approved.

The order of the probate court of Cook county confirming the report of sale is therefore reversed and the cause remanded to that court, with directions to disapprove the report of sale, and for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*