(No. 20145.— )

THE ILLINOIS MERCHANTS TRUST COMPANY, Defendant in Error, *vs.* MARY E. TURNER, Plaintiff in Error.

*Opinion filed October 25, 1930.*

HENRY L. BURMAN, guardian *ad litem,* (ERNEST D. MACDOUGALL, of counsel,) for plaintiff in error.

McCulloch & McCulloch, for defendant in error.

Mr. Commissioner Edmunds reported this opinion:

The Illinois Merchants Trust Company, (hereinafter designated as petitioner,) as conservator of the estate of Mary E. Turner, incompetent, filed a verified petition in the probate court of Cook county praying leave to sell certain real estate. The incompetent, (hereinafter designated as respondent,) by Henry L. Burman, her guardian *ad litem*, filed answer. Order of sale was entered, bids were received, a sale was made, and an order was entered approving the report and confirming the sale. Subsequently respondent was granted leave to file exceptions to the report of sale. Upon hearing had, an order was entered overruling these exceptions and directing petitioner to make conveyance. Respondent prayed an appeal from this latter order but did not perfect it, and over a year thereafter sued out this writ of error to review the record.

The petition in question, which was filed July 16, 1928, alleges that respondent was adjudicated by the probate court of Cook county to be an incompetent person on June 6, 1928; that petitioner was by the court appointed conservator of the estate of respondent; that petitioner has duly qualified and is acting as such conservator; that an inventory of all the estate of respondent was duly filed and approved by the court; that respondent owns the following described real estate (describing two tracts, the second of which she owns in her own full right and in the first of which she owns an undivided one-seventh interest); that the real estate is unimproved and unproductive; that the taxes thereon for the year 1927 amounted to the sum of $103.87; that there are special assessments against the tract first above described, one-seventh of which amounts to $1018.29, and that there are special assessments against the tract secondly above described, amounting to $4194.96; that it is likely

there will be other further special assessments against the property in the near future amounting to large sums; that the real estate is unincumbered except by taxes levied or assessed for the year 1927, zoning and building ordinances, and rights of the public in and to so much, if any, of the premises as may be taken or used for a highway; that no one is in possession of the lands except respondent, and that she is a spinster; that under date of June 20, 1924, the premises were conveyed by respondent to trustees for her, the trust indenture providing that after two years from date it might be revoked by the grantor in writing; that on June 26, 1928, the probate court of Cook county entered an order that petitioner, as conservator, revoke the trust agreement and obtain from the trustees a reconveyance; that such reconveyance has been made, and that petitioner believes it is necessary and for the best interests of respondent to sell the real estate for the purpose of otherwise investing the proceeds thereof. The petition concludes with a prayer that notice of the proceeding be given respondent and all persons concerned; that a hearing be had; that petitioner be authorized to sell the land and make conveyance thereof; that the court enter all other orders that may be necessary to consummate a sale of the lands, and that petitioner may have such other and further relief as may be equitable and proper. To this petition respondent by her guardian *ad litem* filed answer, alleging that she is incompetent and is not advised as to the matters and things in the petition, and neither admits nor denies the same but prays strict proof of all matters alleged therein.

From the recitals of the order of sale, entered August 13, 1928, it appears that exhibits were produced and oral testimony was taken on the foregoing petition in open court. The order recites that the petition was duly executed and filed; that due notice of the hearing was given; that Henry L. Burman, duly appointed guardian *ad litem,* duly filed answer to the petition; that the court finds that it has

jurisdiction of all the parties to the proceedings and of the subject matter thereof; that respondent, a resident of Cook county, Illinois, was adjudicated by the probate court of Cook county to be an incompetent person on June 6, 1928, and petitioner was on that date appointed conservator of her estate; that petitioner duly qualified and its appointment is in full force and effect; that an inventory of the estate of respondent was duly filed and approved; that respondent owns the real estate described in the petition; that the taxes, special assessments and incumbrances thereon are as described in the petition; that respondent executed a trust indenture as alleged in the petition and a reconveyance to her has been made as therein set forth; that it is necessary and for the best interests of respondent to sell the real estate for the purpose of otherwise investing the proceeds thereof; that petitioner has executed and filed bond in the penal sum of $200,000, conditioned upon the due and faithful accounting for and distribution of the proceeds of the real estate, and that all material allegations of the petition have been proved and petitioner is entitled to the relief prayed. The order then authorizes petitioner, as conservator, to proceed according to law to make sale, and it prescribes the terms and conditions therefor, providing that such sale shall be at public vendue at a designated place, to the highest and best bidder. Publication followed, and sale was had accordingly on September 4, 1928. Report of sale was approved and the sale was confirmed on September 6, 1928. On October 4, 1928, respondent asked leave to file exceptions to the report of sale, and such leave was granted. Thereupon respondent produced two witnesses, who testified that the property was worth more than the sale price. One of them stated that if he were in position he would give more, and the other testified that he thought he could produce a man in court by October 11 who would pay more. The proceedings were adjourned to afford respondent an opportunity to produce further bid-

ders. On October 18 the matter was continued, and it later appeared that the anticipated bids were not forthcoming. On December 5, 1928, after both sides had closed their cases, the court entered the order overruling the exceptions of respondent and directing the sale to be carried out.

Respondent contends that the decree of sale entered on August 13, 1928, was void because the court had no jurisdiction of her person or of the cause. In support of this contention it is urged that the petition to have respondent declared incompetent and to have a conservator appointed was filed April 30, 1924; that no hearing was then had thereon; that the insanity proceeding thus initiated was discontinued prior to June 6, 1928, and that the hearing of June 6, 1928, was without any notice to respondent, as required by law. This contention is not well taken. It involves what amounts to a collateral attack upon the order of June 6, 1928. The law is well settled in this State that when adjudicating upon that class of questions over which it has general jurisdiction the probate court is entitled to as liberal intendments in favor of its jurisdiction as are extended to the acts of courts of general jurisdiction. (*People* v. *Medart*, 166 Ill. 348; *Bostwick* v. *Skinner*, 80 id. 147; *Housh* v. *People*, 66 id. 178.) The probate courts of this State have jurisdiction to appoint conservators of insane and distracted persons and jurisdiction over their persons and estates after a conservator has been appointed, and where those courts have acted in the exercise of such jurisdiction their judgments and decrees cannot be questioned collaterally. (*Hoit* v. *Snodgrass*, 315 Ill. 548; *Sheahan* v. *Madigan*, 275 id. 372; *Dodge* v. *Cole*, 97 id. 338; *Wing* v. *Dodge*, 80 id. 564; *Searle* v. *Galbraith*, 73 id. 269.) It is not necessary that all the facts and circumstances which justify their action should affirmatively appear upon the face of the proceedings. (*Propst* v. *Meadows*, 13 Ill. 157.) The order of August 13, 1928, is in accordance with the prayer of the petition, and in the absence of any cer-

tificate of evidence or other showing of the evidence presented in connection with it the presumption is that such order was proper. *Bostwick* v. *Skinner, supra; Day* v. *Davis,* 213 Ill. 53; *Jones* v. *Village of Milford,* 208 id. 621; *Choate* v. *Hathaway,* 73 id. 518.

Respondent further contends, nevertheless, that "this is a statutory proceeding in a court of limited, statutory jurisdiction;" that unless the petition for sale meets strictly the statutory provisions (Cahill's Stat. 1929, chap. 86, par. 24,) the court never acquires jurisdiction to proceed, and that such lack of jurisdiction may be attacked at any stage of the proceedings. It is claimed that the petition herein involved is defective because it does not set out the condition of the estate and because it does not set out detailed facts showing why there was reason to sell the real estate and re-invest the proceeds. Whether or not the petition was subject to any such objection at an appropriate earlier stage of the proceedings, it could not be attacked in the manner adopted. Respondent contends for an unduly narrow conception of the nature of the jurisdiction of the probate court. As already indicated, the probate court exercised in the present cause a jurisdiction general and not special in its nature. Having full jurisdiction over the subject matter it was vested with authority to proceed and enter the order of sale. In that order it found and recited that it had jurisdiction, and under the present record such jurisdiction must be conclusively presumed. (*Bostwick* v. *Skinner, supra; Cobe* v. *Guyer,* 237 Ill. 516; *Gardner* v. *Maroney,* 95 id. 552; *Whitman* v. *Fisher,* 74 id. 147; *Boyles* v. *Chytraus,* 175 id. 370; *Agricultural Ins. Co.* v. *Barnard,* 96 N. Y. 525.) Respondent cites *Greenbaum* v. *Greenbaum,* 81 Ill. 367, as supporting the position contended for. No jurisdictional point was involved in that case, the court holding only that no necessity for a sale was shown by the petition and that it should have been dismissed accordingly.

Respondent contends that the sale was not conducted in good faith and that the price which was bid was inadequate. The record does not bear out this contention. It shows the giving, by publication, of public notice that the property would be sold to the highest and best bidder at a given time and place, and that at the time and place so designated the Chicago Title and Trust Company, as trustee, bid the sum of $11,000 for the one-seventh interest in the one tract and $77,000 for the other tract, or at the rate of $7700 per acre. The record further discloses that five-sevenths of the tract in which respondent had a one-seventh interest had been sold less than two years before for $7000 per acre, that the twenty-seven acres adjoining this tract on the west were sold within two years previous for $5700 per acre, and that twenty acres adjoining the individual tract of respondent on the west were leased the year before, with an option to buy within five years for $4750 per acre, net. One real estate broker who had negotiated sales in the immediate vicinity and who testified in behalf of petitioner gave as his opinion that the land in question was worth from $6500 to $7000 per acre. Two other brokers called by petitioner testified that its fair and reasonable value was $7700 per acre. The two witnesses for respondent expressed opinions that the land was worth considerably more. Upon cross-examination it was brought out that there were zoning restrictions upon the property of which one of the witnesses was not cognizant, and that the other was mistaken in his understanding that it had continuous frontage upon and access to a boulevard. Although two months elapsed before the final order was entered no other bidder was produced. Altogether apart from the question as to whether this court should order the setting aside of a sale where the price is shown to be inadequate, it cannot be said that the price was shown to be inadequate here.

Respondent complains of the court's ruling against certain testimony tending to show that a sale of the property

was inadvisable. This ruling was proper because the advisability of making a sale was determined by the order of sale of August 13, 1928, and that question was no longer open for consideration. *Allen* v. *Shepard,* 87 Ill. 314.

The order of the probate court approving the report of sale and directing petitioner to make conveyance is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Order affirmed.*