In re Estate of William H. Barnard, Deceased. Cecile Barnard, Executor of Last Will and Testament of William H. Barnard, Deceased, Appellee, v. Hazel Michael and Harold O. Michael, Appellants.

Gen. No. 9,466.

Heard in this court at the May term, 1945. Opinion filed May 28, 1945. Released for publication June 23, 1945.

C. E. TATE, of Champaign, for appellants.

FILSON & WILLIAMSON and DOBBINS, DOBBINS & THOMAS, all of Champaign, for appellee.

MR. JUSTICE DADY delivered the opinion of the court.

This is an appeal from an order of the county court of Champaign county, which order denied a motion

to vacate a prior order for the sale of real estate to pay debts, and approved a report of sale based on such order for sale.

The decedent, William H. Barnard, died testate on May 23, 1940. Letters testamentary issued to his widow, Cecile Barnard, on June 18, 1940. By his will the decedent devised and bequeathed to his wife the life use of his entire estate, and devised and bequeathed the remainder thereof to the appellant, Hazel Michael, who was his daughter by a former marriage. The other appellant, Harold O. Michael, is the husband of Hazel Michael.

On November 4, 1940, on the petition of the executor the county court entered an order which directed that the executor sell certain real estate belonging to the estate at private sale. On August 25, 1944, the executor filed in said court a report of sale which stated that on August 9, 1944, pursuant to the order of November 4, 1940, the real estate was sold to certain named purchasers.

On October 13, 1944, the county court entered an order, which order denied a motion of the appellants to vacate the order of sale entered November 4, 1940, overruled objections to and approved said report of sale, and ordered the executor to execute and deliver a deed of conveyance to the purchasers. This appeal is from said last mentioned order.

Appellee has made a motion to dismiss the appeal on the ground that ''no supersedeas bond has been given, either in the trial court or in this court, and . . . that the appeal . . . has not operated as a supersedeas,'' that ''subsequent'' to the entry of the order appealed from the purchasers paid the balance of the purchase price and appellee conveyed the property to the purchasers, and that therefore the result of this appeal will not affect the title to the property and will not finally determine any questions of substantial interest to the parties to this appeal.

In support of such motion appellee has filed in this court her affidavit sworn to on January 29, 1945, in which it is stated that "thereafter" (that is sometime after October 13, 1944) appellee made such conveyance and received such payment.

Appellee relies on that part of section 76 [par. 200] of the Civil Practice Act, chapter 110, Revised Statutes [Jones Ill. Stats. Ann. 104.076], which provides that where an appeal is perfected within 30 days after the entry of the order appealed from and no supersedeas bond is filed and approved within said 30 days, the reversal of such order shall not affect the right, title or interest in or to any real property of any person not a party to such action, acquired after the entry of such order but before such appeal operates as a supersedeas under the provisions of such Civil Practice Act.

Appellee also relies on that part of Subparagraph 1 of section 82 [par. 206] of such Civil Practice Act [Jones Ill. Stats. Ann. 104.082] which provides that "An appeal to the Appellate or Supreme Court shall operate as a supersedeas only if and when the appellant, after notice duly served, shall give and file a bond in a reasonable amount, to secure the adverse party. . . . If notice of appeal is served within twenty days after the entry of the order . . . complained of, and if bond is given and filed and approved within thirty days after such entry . . . the notice of appeal shall, upon the approval of the bond, operate as a supersedeas."

Were it not for the motion to dismiss the appeal, a freehold would be involved in a decision of this case. (*Retzinger v. Retzinger,* 337 Ill. 378.) Where a freehold is involved, this court is without jurisdiction, and must transfer the cause to the Supreme Court. (*McComb v. McComb,* 238 Ill. 555.)

It is our opinion that a freehold is involved notwithstanding the motion to dismiss the appeal, and that

72

the pendency of such motion does not give this court jurisdiction of the cause.

An order will be entered in this court transferring the cause to the Supreme Court, and directing that the record and files be transmitted to the clerk of that court.

*Cause transferred to Supreme Court.*