(No. 29039.—

CECILE BARNARD, Exrx., Appellee, *vs.* HAZEL MICHAEL *et al.,* Appellants.

*Opinion filed November 21, 1945.*

C. E. TATE, of Champaign, for appellants.

FILSON & WILLIAMSON, and DOBBINS, DOBBINS & THOMAS, both of Champaign, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from an order of the county court of Champaign county, approving a sale of real estate made by appellee, Cecile Barnard, executrix of the last will and testament of William H. Barnard, deceased, and overruling the answer and objections of appellants, Hazel Michael

and Harold O. Michael, her husband, to the report of such sale.

William H. Barnard died testate May 23, 1940. By his will he appointed his widow, Cecile Barnard, executrix without bond, and provided that after payment of all his just debts, she was to have the use of all personal and real estate during her life, with the remainder to appellant Hazel Michael, his daughter by a former marriage. The will was admitted to probate and letters testamentary issued to the widow on June 18, 1940. An appraisement and inventory were made and filed during the course of administration, and claims to the amount of $2887.77 were approved and allowed by the court. They consisted of the widow's award of $1500, indebtedness due the widow in the sum of $1180.83, and funeral expenses of $206.94. August 30, 1940, a statement of the condition of the estate was filed by the executrix and approved by the court, and on the same day the executrix filed a petition to sell certain real estate belonging to decedent in order to pay the debts of his estate. It appears from the statement and petition that the personal property of decedent was taken at its appraised value by the widow upon her award, and that the deficiency of personal assets to liquidate the indebtedness of the estate was $2735.77, plus estimated costs of administration $500. Appellants were made parties to the proceeding and jurisdiction of them obtained by publication. They filed no answer and made no appearance. The cause coming on to be heard on November 4, 1940, an order was entered granting the prayer of the petition and directing the executrix to sell the real estate described in the petition at private sale for not less than two thirds of its appraised value; it having been appraised in the proceedings at $3500. Nothing further was filed in the cause until August 25, 1944, when the executrix reported to the court that she had sold the property for $3800, to August John Maggio and Gladys B. Maggio, his wife,

who had paid $500 down and were ready to pay the balance. Attached to the report of sale was the contract with the purchasers, dated August 9, 1944. Upon objections to the report by appellants, the executrix obtained leave and filed an amended report setting up that although the contract was dated August 9, the sale was not actually made until August 17, 1944. Appellants then filed an answer objecting to the sale and the decree directing sale to be made, and praying that the court refuse to confirm and approve the sale and also vacate the original decree of November 4, 1940. Upon hearing being had, an order was entered October 13, 1944, overruling the objections, approving the amended report of sale and directing the executrix to make conveyance. An appeal was taken from this order, and, because of a freehold being involved, is properly brought to this court. *Anderson* v. *Anderson,* 338 Ill. 309; *Retzinger* v. *Retzinger,* 337 Ill. 378.

Appellee has made a motion to dismiss the appeal in this case, setting up that no *supersedeas* had been obtained and, subsequent to the entry of the decree appealed from, the title to the property belonging to the decedent and constituting the subject matter of the sale was conveyed and transferred to the purchasers, August John Maggio and Gladys B. Maggio, who had paid the executrix the purchase price for the same, and therefore the result of the appeal would not affect the title to the property so conveyed or finally determine any questions of substantial interest to the parties hereto. She contends that the controversy involved as to the sale of the property has become moot, and the appeal should be dismissed.

It is elementary that a reviewing court is not bound to determine questions which have become moot or academic and the decision of which will serve no beneficial purpose to the litigants. The duty of a court in the exercise of its power of appellate review is confined to consideration of actual controversies, cases in which the judg-

ment can be given effect. (*Railway Express Agency, Inc.* v. *Commerce Com.* 374 Ill. 151.) When, pending an appeal from a judgment of the lower court and without any fault of the appellee, an event occurs which renders it impossible for the reviewing court, if it should decide the case in favor of the appellant, to grant him any effectual relief whatever, the court will not proceed to a final judgment, but will dismiss the appeal. (*Tuttle* v. *Gunderson,* 341 Ill. 36; *Wick* v. *Chicago Telephone Co.* 277 Ill. 338.) The rule is well established that a person acquiring title under a judgment or decree to which he is not a party will, where there is no defect in jurisdiction, hold the property notwithstanding a subsequent reversal of such judgment or decree upon appeal in the absence of a *supersedeas.* (Ill. Rev. Stat. 1945, chap. 77, par. 35a, and chap. 110, par. 200.) It is equally as well established that if a party to an erroneous judgment or decree has received benefits thereunder, he must, after reversal, make restitution, and, if he has sold property erroneously adjudged to belong to him, he must account to the true owner for its value. *First Nat. Bank* v. *Road District No. 8,* 389 Ill. 156; *Ure* v. *Ure,* 223 Ill. 454; *McJilton* v. *Love,* 13 Ill. 486.

The question whether the issues involved on this appeal have become moot depends upon whether a reversal of the decree appealed from would bestow upon appellants any benefits whatever or would result in giving them any effectual relief; and this in turn involves the question whether a reversal would entitle them to demand any restitution of appellee, and the further question whether the lower court should have sustained appellants' attack upon the decree of November 4, 1940. This decree of November 4, 1940, was a final, appealable order. (*Baker* v. *Devlin,* 386 Ill. 441; *Retzinger* v. *Retzinger,* 337 Ill. 378; *Allen* v. *Shepard,* 87 Ill. 314.) Prior to the adoption of the Civil Practice Act and the adoption, at the same term of the legislature, of an act entitled "An Act in rela-

tion to final judgments, decrees and orders of courts of record in criminal and civil proceedings and the power to modify, vacate or set aside the same," (Ill. Rev. Stat. 1945, chap. 77, par. 82 *et seq.*) this court held that during the term at which a judgment or decree was entered the record remained in the breast of the court, and the court might, at any time during the term, amend it or set it aside of its own motion or for good cause shown, as justice and the right of the case might seem to require. (*Krieger* v. *Krieger,* 221 Ill. 479; *Donaldson* v. *Copeland,* 201 Ill. 540; *Shannahan* v. *Stevens,* 139 Ill. 428.) The statutes above referred to, enacted in 1933, substitute a period of thirty days for that of a term of court under the prior law. The rule now is that a judgment or decree cannot be set aside by the court in which it was entered after the expiration of thirty days following the entry thereof, with an exception to the rule which is, now the same as formerly, that a court may entertain an application to vacate its void judgments or orders at any time and the thirty-day limitation does not apply. A judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court, either directly or collaterally. An application to vacate a judgment or decree, made to the court that rendered it within thirty days after its entry, is a direct attack upon the judgment or decree, but if made after the expiration of thirty days it is a collateral attack. (*Anderson* v. *Anderson,* 380 Ill. 435; *Scribner* v. *Village of Downers Grove,* 372 Ill. 614.) In the instant case the decree of sale was entered on November 4, 1940. Appellants' application to the county court to vacate this decree was first made September 11, 1944, in their objections to the executrix's report of the sale. The county court, when entering the decree of November 4, 1940, had jurisdiction of the parties and of the

estate of the decedent and had statutory authority to decree a sale of real estate. Appellants' argument in this court that the decree ordering a sale of the real estate should be set aside is based upon their contentions that the widow's award is excessive, that decedent's note which was allowed as a claim in her favor is a forgery, that personal property belonging to the estate was not inventoried, that other personal property taken by the widow on her award was appraised too low, and that there was no necessity for a sale of real estate. These matters are not jurisdictional and the time for attacking the decree of sale because of such alleged errors has long since passed. (*Illinois Merchants Trust Co.* v. *Turner,* 341 Ill. 101; *Retzinger* v. *Retzinger,* 337 Ill. 378; *Allen* v. *Shepard,* 87 Ill. 314.) It is true that the jurisdiction of the county court over an estate is a continuing one, which remains until the estate is closed, and that such court, in the exercise of the equitable powers it possesses in connection with probate matters, may, without limitation, except that it must still have jurisdiction of the estate, set aside its own orders and judgments previously entered. (*In re Estate of Blyman,* 382 Ill. 520; *Hodson* v. *Hodson,* 277 Ill. 137.) But the court, in so doing, is exercising equitable jurisdiction and is governed by the same equitable principles and rules which control a court of equity in vacating a decree after the expiration of thirty days from its entry. A court of equity will, in such instances, vacate a decree which was entered without jurisdiction, but here there was no defect in jurisdiction invalidating the order of sale. A court of equity will also vacate its order or decree after the expiration of thirty days where fraud has intervened in its rendition, but the fraud, to be a basis of relief, must be of that character which prevents the court from acquiring jurisdiction or merely gives it a colorable jurisdiction. A court of equity will not, when its decree is questioned upon collateral attack, vacate the same for fraud occurring in

the proceedings after jurisdiction had been obtained, such as false evidence, concealment and the like. (*Wood* v. *First Nat. Bank,* 383 Ill. 515; *Evans* v. *Woodsworth,* 213 Ill. 404.) Upon the record before us, no relief could be granted on this appeal from the order of sale, although the order approving the report of sale might be reversed.

This being so, it remains to be considered whether a judgment of this court, either of affirmance or reversal, in the case now before us could have any practical, legal effect, or whether the same would be wholly ineffectual for want of a subject matter on which it could operate. The property could not be restored because the purchasers were not parties to the litigation and their title is not subject to attack. All that they were required to do was to look to the question of the court's jurisdiction, and as the court had jurisdiction, they are protected. An affirmance would require something to be done which has already taken place. A reversal would ostensibly avoid an event which has already taken place and cannot be recalled. One would be as useless and unavailing as the other. This court has uniformly declined to adjudicate a cause or to decide questions which no longer exist. (*Chicago City Bank and Trust Co.* v. *Board of Education,* 386 Ill. 508; *Tuttle* v. *Gunderson,* 341 Ill. 36; *Wick* v. *Chicago Telephone Co.* 277 Ill. 338.) This is not a case where the doctrine of restoration or restitution, which we have mentioned earlier in this opinion, would apply in the event of a reversal. Here, the appellee has not received, by virtue of the decree, benefits or property belonging to appellants. The property sold belonged to the decedent and constituted assets of his estate, available for the payment of debts. The benefits derived from the decree approving the sale will inure to all persons interested in the estate. Neither did it rest within the choice or discretion of appellee whether the decree appealed from should be executed. The purchasers had an absolute right, after the expiration of

thirty days from the entry of the decree approving the sale, to demand of the executrix a conveyance of the property purchased and she was under legal compulsion to comply with their demand. The situation is not analogous to a case where an appellee, after appeal, of his own volition, executes the judgment or decree appealed from, either by selling property of the appellant under execution or other process issued upon the judgment, or by appropriating to himself property of the appellant erroneously awarded by the decree to appellee.

As it is obvious that any decision that this court might make in the instant case would be useless and unavailing to either party and that the questions involved in the case have now become moot or academic, the appeal, therefore, must be, and is, dismissed.

*Appeal dismissed.*