---

(No. 11298.—Reversed and remanded.)
SOPHIE SPIEHS, Admx., Appellee, *vs.* SAMUEL INSULL, Receiver, Appellant.

*Opinion filed April 19, 1917.*

1. PRACTICE—*first sentence of section 81 of the Practice act as amended does not apply to bills of exceptions.* The first sentence of section 81 of the Practice act as amended, regarding the filing of a stenographic report of the evidence during the term, does not apply to bills of exceptions, and the trial court may, at a term subsequent to the judgment term, enter an order extending the time for signing and filing a bill of exceptions, provided the extension order is entered within the time previously allowed. · (*Miller* v. *Anderson,* 269 Ill. 608, distinguished.)

2. CONSTRUCTION—*phraseology of an old statute, when retained in an amendment, is presumed to have been used according to its previous construction.* Where the legislature by an amendatory act retains in a new statute the same words and phraseology that have been contained in a former statute, it must be presumed that it used such words and phraseology according to the meaning which has previously been given them by judicial construction.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

ADDISON L. GARDNER, and CARROLL H. JONES, (CHAS. LEROY BROWN, of counsel,) for appellant.

FRANCIS J. WOOLLEY, for appellee.

` Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action brought by the administratrix of the estate of Adam Spiehs, deceased, against the receiver of the Chicago and Oak Park Elevated Railroad Company, for damages for the death of said Spiehs, employed as a gateman by said company, which death is alleged to have occurred while in the performance of his duties at a railroad crossing, August 28, 1912. A trial in the superior court of Cook county resulted in a verdict for appellee. On appeal to the Appellate Court the judgment of the trial court was affirmed, the Appellate Court sustaining appellee's motion to strike the bill of exceptions filed in that case from the record on the ground that the same had not been presented or filed in the court below within the time prescribed by law.

The decision of this case rests upon the proper construction of section 81 of the Practice act. (Hurd's Stat. 1916, p. 2002.) The question is whether the first sentence of that section as now amended applies to bills of exceptions as well as to the stenographic reports. That part of the section reads: "If, during the progress of any trial in any civil or criminal cause, either party shall submit to the court any matter for a ruling thereon and the court shall rule adversely to the party submitting the same, such ruling shall be deemed a matter for review in any court to which the same cause may be thereafter taken up on appeal or by writ of error without formal exception thereto, and after

judgment, at any time during the term of the court at which judgment was entered or within such time thereafter as shall, during such term, be fixed by the court, any party desiring to prosecute a writ of error to or appeal from any such judgment, may submit to the court a stenographic report of the trial containing the evidence and the rulings of the court upon all or any of the questions submitted to and ruled upon by the judge thereof, and he shall examine the same, and, if correct, officially certify to the correctness of such report, and the same shall thereupon be filed in said court and become a part of the record in said cause."

It is contended that the wording of said section, "at any time during the term of the court at which judgment was entered or within such time thereafter as shall, during such term, be fixed by the court," applies to the time for filing a bill of exceptions as well as to the time for filing "a stenographic report of the trial containing the evidence," and that a fair reading of this section requires such construction; that no reasonable purpose could be accomplished by providing different rules as to the respective times in which a stenographic report and a bill of exceptions could be filed; that by the general policy of the law and the State constitution the practice is required to be uniform; that this means that the laws "shall operate uniformly on all cases in a particular court;" (*Hoffman* v. *Paradis,* 259 Ill. 111;) that instead of simplifying the practice, if any different construction be placed upon this section, this amendment would immediately complicate the practice, and require the lawyer, at the beginning of a trial, to decide whether he would preserve his record by a stenographic report or by a bill of exceptions.

There is some merit in portions of this argument, although we do not deem the last suggestion of great weight, as it would be practically as easy for a lawyer to decide at the beginning of the trial, as it would be later, in which manner he desired to preserve the record. That portion of

said section 81 which relates especially to bills of exceptions has been a part of the statute law of this State since 1827. That section, so worded, has received a long course of construction by the courts, to the effect that the trial court may, at a term subsequent to the judgment term, enter an order extending the time for signing and filing a bill of exceptions, provided the subsequent extension order is entered within the limit of the time previously allowed. (*Hawes* v. *People*, 129 Ill. 123; *United States Life Ins. Co.* v. *Shattuck*, 159 id. 610; *Hill* v. *City of Chicago*, 218 id. 178; *Railway Passenger and Freight Conductors' Ass'n* v. *Leonard*, 166 id. 154; *Pieser* v. *Minkota Milling Co.* 222 id. 139.) This part of section 81 was retained in the amended section without change. It is elementary that when the legislature by an amendatory act retains in a new statute the same words and phraseology that had been contained in a former statute, it must be presumed that it used such words and phraseology in the sense that had already been placed upon them by judicial construction. (*Kirby* v. *Runals*, 140 Ill. 289; *Kelley* v. *Northern Trust Co.* 190 id. 401; *McGann* v. *People*, 194 id. 526; Endlich on Interpretation of Statutes, 515; 26 Am. & Eng. Ency. of Law,—2d ed.—758.) Indeed, this result is especially provided by section 2 of chapter 131 of our statutes, which reads: "The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such prior provisions, and not as a new enactment." (Hurd's Stat. 1916, p. 2577.) It must be assumed, therefore, that the legislature, in re-enacting this same wording, did so in view of the judicial construction which had been given it by the courts of the State.

Counsel for appellee in his argument and the Appellate Court in deciding this case rely upon the reasoning of this court in *Miller* v. *Anderson*, 269 Ill. 608, as requiring the construction given to this statute by the Appellate Court in its decision. The question involved in said case of *Miller*

v. *Anderson* was whether in the bill of exceptions as well as in the stenographic report it was necessary to take and preserve an exception to a ruling in order to raise such question in a court of review, and that was the only question passed on in that case. While, as stated by the Appellate Court, that question was somewhat analogous to the one here involved, that case is not necessarily decisive as to the case at bar. It is clear that this court has never so understood that decision, for it has repeatedly held since that time that as to a bill of exceptions the former practice was correct; that the trial court might, at a term subsequent to the judgment term, enter an order extending the time for signing and filing a bill of exceptions, provided the subsequent extension order was entered within the limit of the time previously allowed. In the following cases this practice was sanctioned: *People* v. *Rosenwald,* 266 Ill. 548; *Illinois Improvement Co.* v. *Heinsen,* 271 id. 23; *Richter* v. *Chicago and Erie Railroad Co.* 273 id. 625; *People* v. *Windes,* 275 id. 108; *City of East St. Louis* v. *Vogel,* 276 id. 490. While the question was not directly raised, it would have been impossible to reach the conclusion that was reached in each of those cases unless the court had considered that the rule as to the method of extending the time for signing and filing the bill of exceptions under said section 81 as contended for by counsel for appellant in this case is the correct rule.

We think the Appellate Court erred in striking the bill of exceptions from the record. This being so, under the rulings of this court in *Sixby* v. *Chicago City Railway Co.* 260 Ill. 478, *Great Western Oil Co.* v. *Chicago, Milwaukee and St. Paul Railway Co.* 275 id. 56, and other like decisions, the judgment of the Appellate Court must be reversed and the cause remanded to that court, with directions to consider and determine the errors assigned, based upon the bill of exceptions.

*Reversed and remanded, with directions.*