Mollie Weinberg et al., Appellees, v. Marie Larson et al., Appellants.

Gen. No. 37,155.

476

Opinion filed June 15, 1934.

Louis Jaffe, for appellants.

No appearance for appellees.

Mr. Presiding Justice Sullivan delivered the opinion of the court.

January 16, 1926, a decree was entered by Judge Ryner in the circuit court in favor of Marie Larson, defendant in the instant case (complainant in the original proceeding) against Sam and Rose Weinberg, and others, confirming and foreclosing the lien of a certain contract against the real estate described in the decree, and directing that upon the failure of the defendants or any of them to pay the amount found to be due under the decree the master should sell the real estate. February 3, 1926, Mollie Weinberg, the daughter of Sam and Rose Weinberg, originally named a defendant but who had been dismissed out of the case January 15, 1926, because it had been discovered that she had conveyed whatever interest she had in the property to her parents September 19, 1925, filed a petition to vacate the decree of January 16, 1926, alleging *inter alia* that she was the owner of the premises, and that notwithstanding the fact that her answer was on file the decree was entered without notice to her.

February 8, 1926, she procured the entry of an order *ex parte* by Judge Ryner vacating the decree. March 1, 1926, upon being apprised of the fact that Mollie Weinberg had no interest in or title to the premises at the time the decree was entered or when she filed her petition to vacate, Judge Ryner vacated his last previous order and reinstated and confirmed the decree of January 16, 1926. The record discloses that Sam and Rose Weinberg conveyed their title to one Murray Xaxmer, and others, by quitclaim deed November 23, 1932.

March 29, 1927, Mollie Weinberg filed what purported to be a bill of review to review the decree heretofore mentioned, to which bill and amended bills thereafter filed demurrers were successively sustained by four chancellors of the circuit court. An amended bill of review was filed August 15, 1927, not by Mollie Weinberg, but in the name of Sam and Rose Weinberg and signed and sworn to only by Sam Weinberg, which alleged, among other things, that when the decree in favor of Marie Larson was entered in the original cause Sam and Rose Weinberg had on file demurrers which had not been disposed of, that the decree was entered without notice to them and that the decree of sale was a fraud and imposition, and prayed that the original decree be vacated and set aside. An amendment to this last amended bill of review was filed April 30, 1928, which contained certain other allegations of fraud in procuring the entry of the original decree, as well as in connection with the transactions upon which the decree was predicated.

Marie Larson's demurrer was sustained to this fourth amended bill of review as amended by Judge Philip L. Sullivan, May 31, 1928, and the record is silent as to the filing of any further amended bill. The cause next came up January 28, 1929, before Judge Sullivan, to whose calendar it had been assigned, and the following order was entered:

"On motion of Joseph Rosenstein, solicitor for plaintiff, due notice having been served as to the pendency of this motion, it is hereby ordered that the same be and is hereby continued until Wednesday, January 30th, 1929, without further notice.

(Sgd)   Philip L. Sullivan,
Judge."

Notwithstanding that the demurrer had been sustained to the last filed amended bill as amended, notwithstanding that the cause was assigned to Judge

Sullivan, and notwithstanding the foregoing order, the solicitor for the Weinbergs, without proper notice to the solicitor for Marie Larson, procured the entry of the following order by Judge William V. Brothers, January 31, 1929:

"On motion of Joseph Rosenstein, solicitor for plaintiff, said notice having been served of the pendency of this motion,

"It Is Ordered that the defendant, Marie Larson (be) ordered in default for want of answer.

> (Sgd)  Wm. V. Brothers,
> Judge."

In spite of the foregoing order of default entered by Judge Brothers, we next find complainant's solicitor appearing again before Judge Sullivan, May 15, 1931, and having this order entered:

"On motion of Joseph Rosenstein, solicitor for complainant, upon due notice having been served upon the solicitor for Marie Larson, it is hereby ordered that the motion for *default* and decree be filed and continued for one week, (th)at is, May 22, 1931.

> (Sgd)  Philip L. Sullivan,
> Judge."

No further action was taken as to the default and decree until December 21, 1932, when a decree was entered by Judge Brothers based ostensibly on the amended bill of review as amended, to which a demurrer had theretofore been sustained by Judge Sullivan, which decree not only vacated the decree entered in favor of Marie Larson January 16, 1926, but dismissed her bill of complaint in that case for want of equity.

The December term of the circuit court did not expire until January 16, 1933, and January 12, 1933, Marie Larson moved to vacate the decree of December 21, 1932, and her motion was continued to January 26, 1933. On the last mentioned date she filed her verified

petition to vacate, alleging all of the matters heretofore stated, and particularly that none of the Weinbergs had any interest in the premises December 21, 1933, when the decree was entered, that would justify a decree in their favor. March 13, 1933, her motion to vacate the decree of December 21, 1932, was denied on the ground that the term had passed at which the decree was entered and that the court was without jurisdiction.

This appeal seeks to reverse the order of March 13, 1933, denying the motion to vacate the decree of December 21, 1932, as well as to reverse that decree itself.

We deem it unnecessary to discuss the original decree of January 16, 1926, except to state that after the denial of Mollie Weinberg's petition to vacate, that decree stood in full force and effect as a final adjudication of the matters presented in that cause for determination.

The original bill of review signed by Mollie Weinberg was abandoned by her, the last amended bill being signed only by Sam Weinberg, and the amendment thereto by Sam and Rose Weinberg. The bill of review was not filed until March 29, 1927, more than 14 months after the decree of January 16, 1926, which it sought to impeach, and the law is settled that a bill of review to impeach a decree comes too late after a delay of more than a year after the original decree was entered. (*Slosson v. Slosson*, 192 Ill. App. 259.)

The record shows conclusively that when the decree which assumed to be predicated upon the amended bill of review was entered, none of the Weinbergs had any interest in or title to the property, and the last amended bill as amended contained no allegation that any of them still owned an interest in the premises or had warranted the title thereof, and neither did the decree find that they or any of them had any equity or interest in the property. No person can file a bill of review

who has no interest in the question intended to be presented by such bill, or who cannot be benefited by the reversal or modification of the former decree. Complainants must show the existence of some equity or interest which would entitle them to maintain a bill of review. (*Wilkinson v. Gage,* 40 Ill. App. 603.)

The sole province of a bill of review is to open up or set aside a decree in a former suit so as to permit a defense which through no fault of defendant was denied in the former case. The bill of review cannot serve to function as a writ of error or an appeal to a higher court. (*Regner v. Hoover,* 318 Ill. 169.) The law is settled that it is improper and reversible error to hear the whole case on a bill of review and to dismiss the bill of complaint in the original cause for want of equity as was done here. (*Burgess v. Pope,* 92 Ill. 255.)

Although the decree of December 21, 1932, found that Marie Larson's demurrer to the bill of review was overruled and that she was ruled to answer the bill within 20 days from November 3, 1928, and was in default for failure to so answer, the record presented to this court discloses that there was no bill pending before the court when the decree was entered, a demurrer having been sustained May 31, 1928, to the last amended bill as amended. The decree of December 21, 1932, procured for the purpose of vacating the original decree in favor of Marie Larson, even if permitted to stand, is ineffective to accomplish its purpose, inasmuch as the decree it sought to vacate was not described either by number or by title in the latter decree.

Complainants below have not seen fit to file a brief in this court. We regret that fact inasmuch as on the record presented to this court the procurement of the decree of December 21, 1932, was in our opinion a flagrant imposition upon the trial court, and we would like to have been advised as to any possible attempted explanation or justification for its procurement.

As heretofore indicated four demurrers had been sustained to the bill of review and amended bills of review; no bill was pending at the time of the entry of the decree; complainants were guilty of laches in filing the bill; a default order was procured before one chancellor without proper notice while the cause was pending on the calendar of another chancellor; none of the complainants had any equity or interest in the premises when the decree was entered; and it was highly improper to include in the decree, even if the entry of same was warranted under the law, the dismissal of the bill of complaint in the original cause.

The history of this cause presents a trifling with justice that deserves condemnation. It would seem from this record that the Weinbergs were bent on finally catching the defendant napping, by the filing of repeated amended bills and the procurement of the entry of various and conflicting orders, and thus securing an unfair advantage over her. It would be a sad commentary on our judicial system if we were to declare ourselves powerless to cope with the situation presented for our determination and were compelled to affirm such a decree as was entered here. The chancellor in refusing to entertain the motion to vacate the decree stated as the reason for his action that "the term had passed . . . I just feel that . . . I have no jurisdiction." Did the court lack jurisdiction?

The decree was entered December 21, 1932. January 12, 1933, during the same term in which the decree was entered a motion to vacate the decree was made, entered and continued to January 26, 1933, in the following term of court, on which date a verified petition was filed in support of Marie Larson's motion to vacate the decree. The motion finally came on for hearing March 13, 1933, and defendant offered in evidence the original decree, Mollie Weinberg's petition to vacate same, Judge Ryner's order vacating the

decree and his second order vacating the first order and confirming the decree in all respects, and Marie Larson's verified petition to vacate the decree in the case at bar. Complainants' objections were sustained to the admission of all of the documents offered on the ground that the term had passed and the court had lost jurisdiction to entertain the motion.

We are constrained to hold that the rulings of the chancellor excluding the proffered evidence and denying the motion to vacate were erroneous. The evidence offered, which was excluded, clearly showed the iniquity of the decree and defendant's right to have it vacated. The chancellor had jurisdiction to pass on the motion. It has invariably been held in this State that if a motion to vacate a final decree is made during the same term in which the decree is entered and continued undisposed of to a subsequent term the court retains jurisdiction to pass upon it.

It is true that the record does not show that the motion to vacate the last decree was in writing and supported by affidavit as provided by the rules of the circuit court, but it is our opinion that while as a general rule motions should be thus made and supported, the entry of the order by the court within the term continuing the motion to January 26, 1933, in the following term, had the effect of suspending the operation of the decree and of retaining jurisdiction over the subject matter at a subsequent term, and the court had the power at the latter term to amend, alter, modify or vacate the decree. (*Watson v. LeGrand Roller Skating Rink Co.,* 177 Ill. 203.) Marie Larson did file a petition in writing and an affidavit in support of her motion to vacate January 26, 1933. It is immaterial, so far as the jurisdiction of the court was concerned, that no affidavit in support of the motion was presented when the motion was filed. It is sufficient that it was presented for the consideration of the court on the

hearing on the motion. Filing or the failure to file a verified petition in support of her motion affected her showing on the motion rather than the jurisdiction of the court to hear it. For reasons not indicated by the record the motion was not disposed of at the January, 1933, term of court, but was finally heard March 13, 1933, when the chancellor declared that the court was without jurisdiction, rejected all offers of evidence and refused to hear the motion on its merits.

It is provided in par. 105, ch. 37, of an act relating to the circuit and superior courts of Cook county, Cahill's (1933) Revised Statutes of Illinois:

"All causes and proceedings pending and undisposed of in any of said courts at the end of a term shall stand continued till the next term of court."

The record does not show any order continuing the motion from January 26, 1933, to March 13, 1933. If such an order was necessary to continue the jurisdiction of the court we will presume that it was entered. But no such order was indispensably necessary. If from any cause such an order be omitted, all causes undisposed of are continued by operation of the above statute to the next term by adjournment of the court. A motion pending and undetermined at the end of the term will stand continued to the subsequent term, under the statute, without a formal order of continuance. (*Donaldson v. Copeland*, 201 Ill. 540.) The power of the court over its judgment or decree, while confined by the rules of law and by the terms of the statute to the term at which it is rendered, is yet extended to a subsequent term when a motion to vacate is entered at the judgment term and continued to the subsequent term. (*Windett v. Hamilton*, 52 Ill. 180; *Hibbard v. Mueller*, 86 Ill. 256.) The motion not having been decided by the court at the term when made was continued by operation of law from term to term until decided. The verified petition presented at the

January 1933 term of the court did not in anywise supersede or derogate from the motion made at the term when the decree was entered. (*Shannahan v. Stevens*, 139 Ill. 428.)

Paragraph 7, section 50, of the new Civil Practice Act in force January 1, 1934, Cahill's St. ch. 110, ¶ 178, provides:

"The court may in its discretion before final judgment, set aside any default, and may within thirty days after entry thereof, set aside any judgment or decree upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable."

In discussing this paragraph of section 50 of the new act it is said by the authors at page 125, McCaskill's Illinois Civil Practice Act Annotated:

"This paragraph of section 50, which is an enlargement of section 58 of the Practice Act of 1907, to include all actions, substitutes a period of thirty days following the entry of judgment for the last day of the term of court at which it was entered for the time for surrendering jurisdiction over it. The 1933 legislature also passed an act in relation to final judgment, decrees, and orders of courts of record in criminal and civil proceedings, and the power to modify, vacate, or set aside the same, . . . The second section of this Act provides that any 'judgment, decree or order may hereafter be modified, set aside, or be vacated prior to the expiration of thirty days from the date of its rendition *or in pursuance of a motion made within such thirty days,* wherever, under the law heretofore in force, it might have been modified, set aside, or vacated, prior to the expiration of the term of court at which it was rendered, or in pursuance of a motion made at that term.' Paragraph 7 of section 50 is in almost the exact language of section 58 of the Practice Act of 1907, which made no express provision for extending decisions upon mo-

tions made within the term; yet, section 58 of the Practice Act has always been construed to give the court jurisdiction to pass upon any motion to vacate, if the motion was made within the term. It will be seen, therefore, that there is no conflict between paragraph 7 of section 50 of the Civil Practice Act and section 2 of the Act in relation to final judgments. The latter is but a clearer expression of the thought expressed in the former.''

It will thus be seen that both under the settled law of this State prior to January 1, 1934, when the new Civil Practice Act went into effect, and under the provisions of that act, the chancellor had complete jurisdiction to enter such order vacating, modifying or altering the decree of December 21, 1932, as was justified by the law and facts.

We are of the opinion, therefore, that the motion to vacate the decree was properly entered and continued to the following term, that the chancellor retained jurisdiction to consider the motion to vacate the decree and that it was reversible error for him to refuse to hear the motion March 13, 1933. As far as the record presented to this court is concerned there was no bill or amended bill of review pending at the time the last decree was entered and it was impossible for complainants to present a bill that would not be obnoxious to demurrer for the reason that none of them had any equity or interest in the property.

For the reasons indicated herein the decree will be reversed and the cause remanded with directions to the circuit court to vacate the order of March 13, 1933, denying the motion to vacate the decree entered December 21, 1932, and to vacate that decree and dismiss this cause for want of equity.

*Reversed and remanded with directions.*

GRIDLEY and SCANLAN, JJ., concur.