Atlas Finishing Company, Appellee, v. Alfred Anderson, Individually and Trading as Anderson Manufacturing and Engineering Company, Appellant.

Gen. No. 44,480.

(NIEMEYER, J., dissenting.)

Opinion filed December 27, 1948. Rehearing denied January 10, 1949. Released for publication January 11, 1949.

JAMES J. WALSH and MANUEL J. ROBBINS, both of Chicago, for appellant; HARRY G. FINS, of Chicago, of counsel.

KLUTZNICK, BEBER & MILLER, of Chicago, for appellee; CHARLES T. KRAMER and EUGENE H. DUPEE, JR., both of Chicago, of counsel.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff filed a statement of claim in forcible entry and detainer in the municipal court of Chicago February 3, 1948. The suit involved the right to possession of the brick building known as 4118 West Lake street and the brick building in the rear of 4118-20 West Lake street, Chicago, which was occupied and used by defendant as a machine shop. The cause was heard by the court without a jury, and on March 12, 1948, judgment for possession was entered in favor of the plaintiff and against the defendant. On March 17, 1948, defendant presented his appeal bond and moved the court to approve the same. An order was entered continuing the motion until March 19. On the latter date defendant filed a written motion for a new trial which was denied by the court on the same

day. On March 19, 1948, the appeal bond in the sum of $3,000 was approved and ordered filed as of March 17, 1948, and on March 23, 1948, notice of appeal was filed whereby defendant sought to appeal "from the judgment for possession which was rendered and entered in the Municipal Court of Chicago in the above-entitled cause on the 12th day of March, 1948, and *the final order of denial of motion for a new trial* by defendant-appellant entered in the Municipal Court of Chicago in the above entitled cause on the 19th day of March, 1948 in favor of plaintiff-appellee and against defendant-appellant." (Italics ours.) A motion was made here by plaintiff to dismiss this appeal, which motion was reserved for final hearing.

We deem it unnecessary to discuss any of the questions raised other than whether or not this appeal was properly perfected.

Section 18 of the Forcible Entry and Detainer Act (par. 19, ch. 57, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 109.279]) provides in part as follows:

"If any party shall feel aggrieved by the verdict of the jury or decision of the court, upon any trial had under this Act, such party may have an appeal, to be taken to the same courts, in the same manner, and tried in the same way as appeals are taken and tried in other cases. Provided such party files notice of appeal and bond within five (5) days from the rendition of the judgment, and no writ of restitution shall be issued in any cases until the expiration of said five (5) days. . . ."

Section 11 (par. 11 [Jones Ill. Stats. Ann. 109.271]) of the same Act states:

"The provisions of the Civil Practice Act, and all existing and future amendments of said Act and modifications thereof, and the rules now or hereafter adopted pursuant to said Act, shall apply to all proceedings hereunder in courts of record, except as otherwise provided in this Act."

In the instant case the notice of appeal was not filed until March 23, or on the eleventh day after the judgment order of March 12.  Defendant argues that the Forcible Entry and Detainer Act being silent on procedure as to filing a motion for a new trial, the provisions of the Civil Practice Act must apply.  He relies upon section 68 (par. 192, ch. 110, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 104.068]), providing in part as follows:

"(1)  It shall be sufficient for the jury to pronounce their verdict by their foreman in open court, without reducing the same to writing if it is a general verdict, and the court shall enter the same in form, under the direction of the court; and if either party may wish to move for a new trial or in arrest of judgment, or for a judgment notwithstanding the verdict, he shall, before final judgment be entered, or within ten days thereafter, or within such time as the court may allow on motion made within such ten days, by himself or counsel, file the points in writing particularly specifying the grounds of such motion, and final judgment and execution thereon shall thereupon be stayed until such motion can be heard by the court.  The time for appeal from such judgment shall not begin to run until the court shall rule upon the motion."

It is urged that the motion for a new trial having been filed within ten days from the entry of the judgment herein, it was in accordance with section 68 of the Civil Practice Act, and that under the provisions of said section the five day period (provided for under section 18 of the Forcible Entry and Detainer Act) did not begin to run until March 19, when the motion for a new trial was denied.  Defendant insists that the notice of appeal and the appeal bond were timely filed to meet the statutory requirements.

The fallacy of defendant's argument arises from the fact that section 68 of the Civil Practice Act,

upon which he relies, refers only to cases in which jury verdicts have been returned. It is to be concluded from a reading of section 68 that no *final* judgment is entered upon the verdict until after the motion for a new trial is heard by the court or until after the expiration of the time provided in said section for the filing of such motion. There is no similar provision in the Civil Practice Act for cases tried without a jury.

The rule respecting motions for new trial in cases without a jury is no different today than it has always been. It is clearly stated in *Climax Tag Co. v. American Tag Co.*, 234 Ill. 179, at p. 182:

"A motion for a new trial in cases tried by a court without a jury is *neither required nor authorized* by law or the rules of practice, *and can serve no purpose whatever in preserving questions for review in this court.*" (Italics ours.)

The motion in the instant case was regarded throughout, by the defendant, as a motion for a new trial. The notice of appeal, as already indicated, specifically refers to it as an "order of denial of motion for a new trial." It was, therefore, unauthorized by law and, as pointed out, preserves nothing for review. A reading of the motion itself clearly discloses that it embodied assignments involving rulings of the court upon the trial, and not such matters as would present either legal or equitable reasons for vacating a judgment, such as fraud, accident, mistake, newly discovered evidence, or the like, or such facts which, if known by the court upon the trial, would have legally prevented the entry of the judgment. So far as anything to the contrary appears in the statutes, the judgment of March 12 entered by the court after a trial without a jury was a final judgment, and in our opinion the time for appeal began to run from the day it was entered. The five-day requirement for fil-

ing notice of appeal and bond under the Forcible Entry and Detainer Act has frequently been held by our courts to be jurisdictional. *Chicago Housing Authority v. Frank,* 335 Ill. App. 456; *Kruse v. Ballsmith,* 332 Ill. App. 301; *Gholston v. Terrell,* 292 Ill. App. 192; *Lanquist v. Grossman,* 282 Ill. App. 181.

██ With respect to motions to vacate judgments within the thirty-day period, as regulated by the Civil Practice Act, section 50, subsection 7, chap. 110 [Jones Ill. Stats. Ann. 104.050, subd. (7)], the pertinent provision of which is:

"The court may in its discretion before final judgment, set aside any default, and may within thirty days after entry thereof set aside any judgment or decree *upon good cause shown by affidavit,* upon such terms and conditions as shall be reasonable." (Italics ours.)

the motion in the instant case, designated and regarded by defendant as a motion for a new trial, has no semblance of compliance with this provision of the Practice Act. There was no affidavit accompanying the motion and no such good cause shown as was contemplated by this section of the Practice Act. Any other view upon this question would, in our judgment, allow the Forcible Detainer statute to be circumvented, delaying the finality of the judgment by merely filing a motion like the instant one, not authorized by law, instead of complying with the plain requirements of the statute for the filing of a bond and a notice of appeal within five days. As was said in *Kruse v. Ballsmith, supra,* at p. 307:

". . . the purpose of the Forcible Entry and Detainer Act is to afford a summary remedy in which the rights of the parties may be speedily determined, and a delayed appeal would be inconsistent therewith."

Nor does the provision of par. 83 (sec. 2), ch. 77, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 104.100]:

"Any such judgment, decree or order may hereafter be modified, set aside or vacated prior to the expiration of thirty days from the date of its rendition or in pursuance of a motion made within such thirty days, wherever, under the law heretofore in force, it might have been modified, set aside or vacated prior to the expiration of the term of court at which it was rendered or in pursuance of a motion made at that term."

help the position of the defendant upon this appeal. This section of the judgment statute was enacted at the same time as the Civil Practice Act, section 50, subsection 7, already noticed. It was not in the judgment statute before the passage of the Civil Practice Act, and the two are in *pari materia*. The proper rule of construction is stated in *Frank v. Salomon,* 376 Ill. 439, at pp. 445, 446:

"Statutes in *pari materia* are to be construed together. . . . The well-settled rule of statutory construction is that where there is found in a statute *a particular enactment,* it is held to be operative as against the general provisions on the subject either in the same act or in the general laws relating thereto." (Italics ours.)

We find in section 50, subsection 7, the specific enactment for vacating judgments within 30 days requiring "good cause shown by affidavit," as against the general enactment or language of the judgment statute authorizing vacating of judgments within 30 days. To make the language of the judgment statute controlling would render meaningless the specific and plain language of section 50, subsection 7 of the Practice Act. It would violate another fundamental rule of construction of statutes, that meaning must be

given wherever possible to the language employed in legislative enactments, and that no construction will be given it which would otherwise render language meaningless.

For the foregoing reasons the appeal is dismissed.

*Appeal dismissed.*

FEINBERG, P. J., concurs.

NIEMEYER, J., dissents. The principal question raised on the motion to dismiss the appeal is the effect on defendant's right of appeal of a motion to vacate the judgment appealed from made less than 30 days but more than 5 days after the rendition of the judgment. Another question is defendant's right to appeal from the order denying his motion to vacate the judgment and grant a new trial.

As said in *Corwin v. Rheims,* 390 Ill. 205, 215:

"Prior to the adoption of the Civil Practice Act, when there were terms of court, the rule was that any judgment or decree entered of record remained in the breast of the court for the remainder of the term in which it was entered and that during such period it could be set aside on the court's own motion or for good cause shown, as justice and right might require. *Grubb v. Milan,* 249 Ill. 456; *Krieger v. Krieger,* 221 Ill. 479; *Donaldson v. Copeland,* 201 Ill. 540."

In *Krieger v. Krieger,* 221 Ill. 479, p. 484, the court said:

"A term of court, although continuing for weeks or months, is regarded by the law as but one day. . . . The court retains jurisdiction of the parties and the subject matter of the litigation until the end of the term, and the judgment or decree *does not become final* or pass beyond its control until that time." (Italics mine.)

The period of 30 days after the entry of judgment has been substituted for the term of court. Ill. Rev. Stat. 1947, ch. 37, par. 376; sec. 50, subpar. 7, Civil Practice

Act, ch. 110, par. 174; ch. 77, par. 83 [Jones Ill. Stats. Ann. 108.046, 104.050, subd. (7), 104.100]. *Toman v. Park Castles Apt. Bldg. Corp.*, 375 Ill. 293. Statutes fixing the time after the rendition of a judgment within which an appeal may be taken are construed as starting the running of the time from the date the judgment becomes final. Where a motion to vacate is made within 30 days after the entry of a judgment, the judgment does not become final so as to start the running of the time for suing out a writ of error or perfecting an appeal until the motion has been disposed of. *Hosking v. Southern Pac. Co.*, 243 Ill. 320; *Lenhart v. Miller*, 375 Ill. 346. If no motion to vacate is made within 30 days, or if a motion to vacate made within 30 days is abandoned by the moving party, the judgment becomes final as of the date entered and the time within which an appeal may be taken begins to run from that date. In *Corwin v. Rheims, supra,* the court says (p. 216):

"The following principles are deducible from the cases. (1) If a party who has an appealable interest in a judgment or decree files a motion to vacate such judgment or decree, he may thereafter abandon the motion by withdrawing it or if he files a notice of appeal, such filing will constitute an abandonment of the motion. In either event the judgment or decree becomes final on the date it was entered and the time within which a notice of appeal must be filed begins to run from that date. (2) If a party in interest in any judgment or decree which is final and appealable files a motion to vacate or set aside the same, the motion stays the running of the time within which the notice of appeal must be filed, and if the motion is disposed of on its merits during the thirty-day period or thereafter, the time for filing of a notice of appeal begins to run from the date such motion is disposed of."

It is immaterial whether the motion to vacate is filed more than 5 days after the entry of a judgment in a

forcible detainer action. In construing section 68 of the Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 192; Jones Ill. Stats. Ann. 104.068], authorizing a motion for a new trial in cases tried by a jury within 10 days after "final judgment" is entered, the majority opinion says: "It is to be concluded from a reading of section 68 that no *final* judgment is entered upon the verdict until after the motion for a new trial is heard by the court or until after the expiration of the time provided in said section for the filing of such motion." Like effect must be given to the right to move to vacate any judgment within 30 days after its entry. Where, as in the present case, a motion to vacate the judgment is disposed of on its merits, the time within which to appeal begins to run from the disposition of the motion. The time between the rendition of the judgment and the disposition of the motion to vacate it is "time out" in computing the time within which an appeal may be taken. This construction does not permit circumvention of the forcible detainer statute. The appeal must be taken within 5 days after the judgment becomes final, instead of 90 days as provided in the Civil Practice Act for appeals in other actions. It does keep the practice uniform in respect to fixing the date from which the time to take an appeal begins to run. It must be presumed that the legislature fixed the 5-day limitation for appeal with full knowledge of the decisions of the courts fixing the date judgments become final so as to start the running of the time for appeal. It is significant that neither the legislature nor the courts have made any provision for expediting appeals in forcible detainer actions or giving them preference in the reviewing courts, as is done in the statute relating to interlocutory appeals. (Sec. 78, Civil Practice Act [Ill. Rev. Stat. 1947, Ch. 110, par. 202; Jones Ill. Stats. Ann. 104.078].) It is apparent that all the legislature intended was to shorten the time within which an appeal might be taken after the judgment, like judgments in other

actions, became final, and not to create new rules applicable only to forcible detainer actions for starting that time.

The majority opinion refers to defendant's motion as a motion for new trial. It was so entitled. Defendant referred to it as a motion for new trial in his notice of appeal and briefs filed in this court, but on final oral argument called it a motion to vacate the judgment. Reference to the motion shows that it specifically asks that the judgment be vacated and a new trial granted. The character of the motion must be determined by its substance and not by the name given it by the parties. Examination of the record in this court in *Hosking v. Southern Pac. Co.*, 148 Ill. App. 11 (affirmed in 243 Ill. 320, and hereinbefore referred to), shows that the motion before us is similar in form to the motion in that case and is based on grounds similar to those urged in that motion. The *Hosking* case was tried before the court without a jury. Defendant's right to review the judgment depended upon whether its motion postponed the running of the 30 days, within which to sue out a writ of error, until disposition of defendant's motion. In sustaining defendant's right to a review of the judgment the Appellate Court said (p. 19):

"We recognize that a motion for a new trial, in cases tried without a jury, is entirely useless so far as preserving any question for review is concerned; but that is beside the present question. We know of no rule of law prohibiting a trial judge from entertaining such motion and it is, in effect, an application for a rehearing which, when entertained, suspends the finality of the judgment already entered so that the question of the finality of the judgment is thereafter under judicial consideration."

The Supreme Court affirmed the judgment of the Appellate Court, treating the motion as one to vacate a

judgment, and said (p. 333) : "`. . . it must be held that the judgment of the municipal court was stayed by the motion to vacate it, and did not become final, so as to start the running of the time limited for suing out a writ of error, until the motion was disposed of."`

The right to move within 30 days to vacate a judgment is not restricted to the remedy provided by section 50, subpar. 7 of the Civil Practice Act. In *Department of Public Works & Buildings v. Legg,* 374 Ill. 306, p. 309, the court said:

"`All courts of record have inherent power to vacate or set aside their judgments or orders during the term at which rendered. This power exists independently of any statute and has its foundation in the common law. . . . Section 50(7) of the Civil Practice Act (Ill. Rev. Stat. 1939, chap. 110, par. 174 (7)) provides for vacating any judgment or decree within thirty days after rendition upon good cause shown by affidavit. Section 2 of the act relating to vacating judgments, decrees or orders (Ill. Rev. Stat. 1939, chap. 77, par. 83) provides for like vacation of any final judgment, decree or order upon motion."`

Ill. Rev. Stat. 1947, ch. 37, par. 376 [Jones Ill. Stats. Ann. 108.046], provides that upon motion made within 30 days after the entry of any judgment, order or decree of the municipal court final in its nature, such judgment, order or decree may be vacated, set aside or modified in the same manner and to the same extent as a judgment, order or decree of a circuit court during the term at which rendered. Section 50, subpar. 7 of the Civil Practice Act, in so far as it relates to setting aside any judgment for good cause shown by affidavit, has been part of the various practice acts of the State since 1872. At no time has it been construed as prescribing an exclusive remedy or procedure for vacating or setting aside judgments, orders or decrees during term time, or, within 30 days after.

the entry of the judgment, order or, decree, as the statute now reads. The practice in vacating judgments has never been confined to the method prescribed by this subparagraph. Numerous cases could be cited where, as in *Hosking v. Southern Pac. Co., supra,* the reviewing courts have passed upon motions to vacate, unsupported by affidavits. No reason can be given why a motion to vacate a judgment should be upon good cause shown by affidavit when the grounds upon which the vacation is urged are matters appearing of record. Where, as in the vacation of a default or a judgment by default, it is necessary to present matters not appearing of record, such as facts showing a meritorious defense, the reason for an affidavit is apparent. Subparagraph 7 did not acquire new meaning or added force by being made a part of the Civil Practice Act. *Lamere v. City of Chicago,* 391 Ill. 552. It is not in conflict with section 2 of the act relating to vacating judgments (Ill. Rev. Stat. 1947, ch. 77, par. 83 [Jones Ill. Stats. Ann. 104.100]), intended to preserve the practice theretofore existing of vacating judgments, order or decrees upon motion. The two acts are complementary, each providing a practice whereby judgments, orders or decrees may be vacated on application made within 30 days. Having been enacted at the same session of the legislature they are not to be construed as inconsistent if it is possible to construe them otherwise. *People v. Wright,* 379 Ill. 328.

It is obvious that defendant by his notice of appeal from "the final order of denial of motion for a new trial" entered March 19, 1948, was appealing from the order denying his motion to vacate the judgment and grant a new trial. The notice undoubtedly was so construed by plaintiff. It should be so construed by this court, to the end that defendant's rights, if any, on review, should be determined on the merits and not on technicalities. If the notice be so construed the

order appealed from is a final, appealable order. *City of Park Ridge v. Murphy,* 258 Ill. 365. Neither the appeal from the judgment for possession nor the appeal from the order denying the motion to vacate the judgment and grant a new trial should be dismissed.