Charles Ford & Associates of the Midwest, Inc., Appellant, v. Charles Goldberg and Rosetta Goldberg, Appellees.

Gen. No. 46,597.

First District, Second Division.

October 4, 1955.

Released for publication November 3, 1955.

Sidney Z. Karasik, of Chicago, for appellant.

Harry G. Fins, of Chicago, for appellees.

MR. JUSTICE ROBSON delivered the opinion of the court.

Plaintiff appeals from an order of the trial court, entered on June 28, 1954, denying its motion to vacate an order of dismissal entered on defendants' motion to dismiss its original statement of claim, and for leave to file instanter an amended statement of claim.

Plaintiff's cause of action arises out of a broker's agreement executed by defendants and one Leroy Solk, a licensed broker, who plaintiff alleges was its agent for the sale of defendants' business. Its original and amended statements of claim aver that defendants contrived with the buyer to deprive plaintiff of its rightful commission by purporting to sell their haberdashery shop for $15,000, while in reality selling it for $37,500. Plaintiff claims an additional commission of $610.

The principal questions this court is called upon to decide are, first, need a motion to vacate a judgment filed within thirty days after entry of the judgment be verified or supported by affidavit as apparently required by Rule 75(7) of the Civil Practice Rules of the Municipal Court of Chicago. Second, does the plain-

tiff's amended statement of claim state a cause of action in its favor.

Rule 75(7) reads, "The court may in its discretion before final judgment, set aside any default, and may within thirty days after entry thereof set aside any judgment upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable." Rule 75(7) is in substance Section 50(7) of the Civil Practice Act, Ill. Rev. Stat. 1953, ch. 110, par. 174(7) [Jones Ill. Stats. Ann. 104.050, subd. (7)].

Section 2 of "An Act in relation to final judgments, decrees and orders," etc., Ill. Rev. Stat. 1953, ch. 77, par. 83 [Jones Ill. Stats. Ann. 104.100], provides that a "judgment, decree or order may hereafter be modified, set aside or vacated prior to the expiration of thirty days from the date of its rendition or in pursuance of a motion made within such thirty days, wherever, under the law heretofore in force, it might have been modified, set aside or vacated prior to the expiration of the term of court at which it was rendered or in pursuance of a motion made at that term."

In the case of Geisler v. Bank of Brussels, 316 Ill. App. 309, Third District Appellate Court, abstract published only, the contention in substance urged upon this court was decided and disposed of, that court, holding an affidavit unnecessary, saying:

"The question raised on the conflict of these two statutes is disposed of by the Supreme Court in the case of Frank v. Salomon, 376 Ill. 439, in which the Court stated: 'Section 3 of "An act in relation to final judgments, decrees and orders of courts of record in criminal and civil proceedings and the power to modify, vacate or set aside the same" (Ill. Rev. Stat. 1939, chap. 77, par. 84) was enacted at the same session of the General Assembly as the Civil Practice Act and they are in pari materia. . . . (and) are to be construed together. (People v. Wallace, 291 Ill. 465; Peo-

244

ple v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co., 306 Ill. 459.) .. . . The well-settled rule of statutory construction is that where there is found in a statute a particular enactment, it is held to be operative as against the general provisions on the subject either in the same act or in the general laws relating thereto. (Robbins v. Comrs. of Lincoln Park, 332 Ill. 571; Handtoffski v. Chicago Consolidated Traction Co., 274 Ill. 282.) Where, as here, the legislature re-enacts a former statute, the effect of which has been judicially construed, it is presumed to have been re-enacted in view of such construction. (People v. Illinois Central Railroad Co., 337 Ill. 276; Spiehs v. Insull, 278 Ill. 184.)'

"Applying these principles to the act in relation to final judgments, chapter 77, section 83 will control. It has long been the established law that the court during the term in which a judgment was entered could amend it or vacate it during the term. Unbehahn v. Fader, 319 Ill. 250. The amendment to the statute made in 1933 simply limited the time to thirty days after the entry of a judgment rather than during the term. . . ."

In accord, see Weinberg v. Larson, 275 Ill. App. 475, 484–6; Nichols Illinois Civil Practice Act (1941) secs. 4631, 4632; 49 C. J. S., Judgments, sec. 289, p. 534. See also People ex rel. Elliott v. Benefiel, 405 Ill. 500, 505–6. Relying upon, approving and citing the Geisler case, supra, is the comment on Section 50(6) of the Tentative Final Draft of Proposed Amendments to the Illinois Civil Practice Act prepared by the Joint Committee of the Illinois State and Chicago Bar Associations on Illinois Civil Procedure, published in September, 1954, by Burdette Smith Company, Chicago, Illinois. Section 50(6), which is present Section 50(7) of the Act and Rule 75(7) of the Municipal Court Rules, omits the language "upon good cause shown by affidavit. . . ."

It was adopted by the legislature as a part of the Act without change and becomes effective January 1, 1956.

Defendants, in support of their contention that verification is mandatory, cite this court's decision in Soverino v. Baltimore & O. R. Co., 2 Ill.App.2d 357. In the Soverino case, holding that the trial court's denial of plaintiff's unverified motion to vacate the judgment of dismissal was not an abuse of discretion, this court said that plaintiff's failure to file an affidavit in support of his motion "was not compliance with the statute," viz., Section 50(7) of the Civil Practice Act. Ibid., at 362. In the Soverino case the plaintiff failed wholly to allege any facts showing the trial court that there was merit in his motion to vacate. On appeal, plaintiff argued that within the thirty-day period the court should have vacated the judgment "as a matter of course." After analyzing the issues, only one of which was the plaintiff's failure to verify his motion, this court held that under all the circumstances the trial court did not abuse its discretion in denying the motion. As this court stated in Weinberg v. Larson, supra, at 484, "Filing or the failure to file a verified petition in support of her motion affected her showing on the motion rather than the jurisdiction of the court to hear it." Cf. further Shannahan v. Stevens, 139 Ill. 428; Sanford v. Thompson, 397 Ill. 353.

An opposite conclusion from that in the Geisler case was reached in a case cited by neither party, Atlas Finishing Co. v. Anderson, 336 Ill. App. 167, involving an appeal from the Municipal Court of Chicago, and was decided in the First Division of this court. A persuasive dissenting opinion was filed by Niemeyer, J., in which the substance of the Geisler case, not cited in the Atlas case, was adopted. The majority opinion in the Atlas case, as in the Geisler case, cited and purported to follow the rule laid down in Frank v. Salomon, 376 Ill. 439, 445–6, to-wit: that the statutes are

in pari materia. But Judge Tuohy, who wrote the majority opinion, reasoned that a construction must be given the statutes which would not render meaningless the requirement of an affidavit in Section 50(7). Judge Niemeyer, while proceeding upon the same broad premise laid down in the majority opinion, reasoned instead that Section 50(7) did not provide litigants with an exclusive practice in moving to vacate judgments, citing Department of Public Works & Buildings v. Legg, 374 Ill. 306, 309, because all courts of record have inherent power to vacate or set aside judgments or orders during the term (now thirty days) at which rendered. See also People ex rel. Elliott v. Benefiel, supra. The majority opinion in the Atlas case has been criticized on several grounds by recent comment writers. See 27 Chi-Kent L. Rev. (1949) 251, 253; 28 ibid. (1949) 1, 45.

 While by the Municipal Court Act, Ill. Rev. Stat. 1953, ch. 37, pars. 356–426 [Jones Ill. Stats. Ann. 108.027–108.094], the Municipal Court of Chicago is empowered to formulate, adopt and promulgate its own rules of practice and procedure (Secco v. Chicago Transit Authority, 6 Ill.App.2d 266), the power to vacate or set aside its judgments or orders is jurisdictional and not procedural, is a power inherent in that court itself, as a court of record, and exists independently of any statute. See the cases and authorities cited earlier in this opinion, and cf. further Trupp v. First Englewood State Bank of Chicago, 307 Ill. App. 258, 266. The Municipal Court Act does not empower that court to formulate, adopt or promulgate rules extending, limiting or otherwise changing its jurisdictional status as a court of record. Cf. Barry v. Knight, 296 Ill. App. 277. Moreover, the Municipal Court Act in no manner delimits or restricts the inherent power of the Municipal Court of Chicago to vacate or set aside its judgments or orders (within thirty days) in

anywise inconsistent or in conflict with Section 2 of the Judgments, Decrees and Executions Act, Ill. Rev. Stat. 1953, ch. 77, par. 83. See Section 21 of the Municipal Court Act, Ill. Rev. Stat. 1953, ch. 37, par. 376. The Judgments, Decrees and Executions Act governs the substantive or jurisdictional powers of all courts of record over their judgments, decrees and orders. Cf. Trupp v. First Englewood State Bank, supra. It has therefore been held that Section 50(7) of the Civil Practice Act does not provide an exclusive remedy in matters of vacating or setting aside judgments or orders within thirty days after rendition. Geisler v. Bank of Brussels, supra; and see also dissenting opinion of Niemeyer, J., in Atlas Finishing Co. v. Anderson, supra. This court, in reason, must therefore also hold that Rule 75(7) of the Municipal Court of Chicago does not derogate from the inherent powers of the Municipal Court of Chicago, in the absence of a statute to the contrary, and does not therefore provide an exclusive remedy in matters of vacating or setting aside its judgments or orders within thirty days thereof.

In many instances the requirement of an affidavit would be superfluous since as noted by the dissenting judge in the Atlas case, supra, many times the matters raised by the motion are already of record. In the instant case, plaintiff's motion, although not verified, was supported by credible exhibits signed, some of them, by the parties, and another by an officer of this State, all of them lending at least prima facie credence to plaintiff's allegations that it is the real or principal party in interest in this cause of action and, further, that it has the legal capacity to sue.

■ Defendants' second contention, therefore, that plaintiff's amended statement of claim failed to state a cause of action in favor of plaintiff, this court finds to be without merit. Plaintiff's attached Exhibit "A," showing a broker's form, the broker's name, Leroy

Solk, and the title "Affiliated with Charles Ford & Associates of the Midwest, Inc.," together with its attached Exhibit "B," showing a contract signed by defendants and the buyer and designating and commissioning plaintiff's services unequivocally support its allegation that defendants had knowledge that they were dealing with plaintiff. Its attached Exhibit "B-1," which is a letter from Vera M. Binks and Fredric B. Selcke, respectively, Director and Superintendent of Registration of the Department of Registration and Education, states that Leroy Solk is a duly licensed broker; that while under law the Department cannot license a corporation as a broker, "Charles Ford & Associates, a corporation, by having two or more of its officers licensed as real estate brokers, is in compliance with Section 1, of the Illinois Real Estate Brokers and Salesmen Law;" and that "all brokers so affiliated are regarded as being members of or associated with the corporation." See further Ill. Rev. Stat. 1953, ch. 114½, par. 1 [Jones Ill. Stats. Ann. 115.01], which, under the facts referred to in the Department's letter, permits a "corporation to engage in the business or capacity, either directly or indirectly, of a real estate broker or real estate salesman. . . ." Plaintiff's amended statement of claim alleges that Leroy Solk at all times was its stockholder, officer, employee and agent. We find no reason why plaintiff cannot sue upon the broker's contract, given the circumstances hereinbefore set forth and the law applicable.

But even assuming that plaintiff cannot sue upon the broker's contract, defendants offer no good reason why it cannot maintain an action on an obligation impliedly due and owing, in view of the facts hereinbefore set forth. Defendants' contention that plaintiff cannot argue this point on this appeal because plaintiff brought its action below solely on the express contract is totally lacking in merit. Plaintiff's written motion filed with

249

its amended statement of claim alleges "an obligation expressly or impliedly due and owing to plaintiff from defendants."

This court is of the opinion that the trial court abused its discretion in denying plaintiff's motion to vacate the order of dismissal, to reinstate its cause of action and for leave to file instanter an amended statement of claim.

The order of dismissal is reversed and the cause remanded with directions to vacate the order of dismissal and allow plaintiff to file an amended statement of claim.

Order reversed and cause remanded with directions.

McCORMICK, P. J. and SCHWARTZ, J., concur.